COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-382-CR
       2-02-383-CR
 
ARTHUR LEE
WALL                                                                
APPELLANT
V.
THE STATE OF
TEXAS                                                                
STATE
------------
FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Arthur Lee Wall appeals from the denial of his request for post-conviction
forensic DNA testing pursuant to chapter 64 of the code of criminal procedure.
We affirm.
Background
On April 25, 2000, Appellant was convicted by a jury of two offenses of
indecency with a child by contact, committed against two victims, C.O. and A.O.
The jury assessed his punishment at seventeen years' and twelve years'
confinement, respectively. The judge ordered the sentences to run consecutively.
The judgments were affirmed by this court, and mandates issued on March 19,
2002.(2)
On February 14, 2002, Appellant filed a
pro se request for the trial court to appoint counsel to assist him in filing a
motion for forensic DNA testing of evidence in these cases. On February 15,
2002, the trial court appointed counsel. The appellate record does not contain
any further motion or pleading filed by Appellant or his counsel, and this court
has confirmed with the trial court clerk that none was filed.
On August 22, 2002, the State filed a
reply in each case on the issue of forensic DNA testing. In its reply, the State
asserted that because the conduct for which Appellant was convicted, touching
the genitals of the children, "is not likely to leave physical findings or
biological material as evidenced by the lack of findings or material collected
during the sexual assault examination," Appellant had failed to meet the
requirements for forensic DNA testing. Attached to the State's reply were
portions of the trial testimony from both child victims and a completed
"Tarrant County Physical & Sexual Abuse Medical Protocol" for each
victim.(3)
On September 6, 2002, the trial court
denied Appellant's request for forensic DNA testing. The court entered findings
of fact and conclusions of law stating that with its reply the State had
included "attachments indicating that no physical evidence was recovered
from the commission of the offenses." The court concluded that "[b]ecause
no evidence exists that can be subjected to testing, the Defendant has not met
his burden under V.A.C.C.P. art.
64.03."
In his sole point on appeal, Appellant
contends the trial court abused its discretion in failing to require the State
to account for potential evidence under article 64.02 of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 64.02.(4)
Appellant specifically argues the State did not account for the clothing worn by
the victims at the time of the offenses.
Chapter 64 of the Texas
Code of Criminal Procedure
The code of criminal procedure provides
that a convicting court may order the requested forensic DNA testing be
conducted only if:

        
 (1) the court finds that:
 
        
 (A) the evidence:
 
        
 (i) still exists and is in a condition making DNA testing possible; and
        
 (ii) has been subjected to a chain of custody sufficient to establish that
 it has not been substituted, tampered with, replaced, or altered in any
 material respect; and
 
        
 (B) identity was or is an issue in the case; and
 
        
 (2) the convicted person established by a preponderance of the evidence that:
 
        
 (A) a reasonable probability exists that the person would not have been
 prosecuted or convicted if exculpatory results had been obtained through DNA
 testing; and
        
 (B) the request for the proposed DNA testing is not made to unreasonably
 delay the execution of sentence or administration of justice.
 

Tex. Code Crim. Proc. Ann. art. 64.03(a).
In reviewing the trial court's decision,
we afford almost total deference to the trial court's determination of issues of
historical fact and application-of-law-to-fact issues that turn on credibility
and demeanor, but we review de novo other application-of-law-to-fact issues. Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
Appellant was required to establish a
reasonable probability exists that he would not have been prosecuted or
convicted if exculpatory results had been obtained through forensic DNA testing.
Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). This "requires convicted
persons to show a reasonable probability exists that exculpatory DNA tests would
prove their innocence." Kutzner v. State, 75 S.W.3d 427, 439
(Tex. Crim. App. 2002) (emphasis added). That showing has not been made if
exculpatory test results would "merely muddy the waters." Rivera,
89 S.W.3d at 59. A trial court is never required to grant a convicted person's
request for forensic DNA testing absent the showing required by article
64.03(a)(2)(A). Dinkins v. State, 84 S.W.3d 639, 643 (Tex. Crim. App.
2002).
The trial court determined that no
physical evidence was recovered from the commission of the offenses. The State's
reply to Appellant's DNA request specifically stated that "[C.O.] testified
that the defendant touched her 'tee-tee' with his finger" and "[A.O.]
testified that the defendant touched her 'private' with his hand." The
State concluded that "[s]uch conduct is not likely to leave physical
findings or biological material as evidenced by the lack of findings or material
collected during the sexual assault examination."
The documents attached to the State's
reply reflect that during Appellant's trial C.O. testified that Appellant had
touched her where he was not supposed to. Using a girl doll, she indicated
Appellant used his finger to touch her genital area, which she referred to as
her "tee-tee." A.O., who is C.O.'s sister, testified that while A.O.
was swimming in the lake, Appellant came up behind her and touched her
"private" or "tee-tee" with his hand, under the water, on
top of her clothes. Using a girl doll, she pointed to the genital area and said
that was her "private" and "tee-tee." Each girl testified
that Appellant fondled her while she was wearing a swimsuit. The examining
physician found no physical findings on either girl, which the physician
indicated was consistent with the victims' stated histories. The physical
examinations of the victims revealed no bodily fluids or other biological
evidence to send for forensic testing.
Having carefully reviewed the pleadings
and the documentation that were before the trial court, we hold that Appellant
failed to establish by a preponderance of the evidence that physical evidence
exists that would establish with a reasonable probability that he would not have
been prosecuted or convicted if exculpatory results had been obtained through
forensic DNA testing of the victims' swimsuits. See Tex. Code Crim.
Proc. Ann. arts. 64.01-.03. Accordingly, we hold the trial court did not
erroneously deny Appellant's request for forensic DNA testing. We overrule
Appellant's sole point on appeal.
Conclusion
We affirm the trial court's order denying
forensic DNA testing.
 
                                                                       
PER CURIAM
 
PANEL F: HOLMAN, DAY, and LIVINGSTON, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 47.4.
2. Wall v. State, Nos. 2-00-166-CR, 2-00-167-CR
(Tex. App.--Fort Worth Aug. 30, 2001, pet. ref'd) (not designated for
publication).
3. The parties and the trial court apparently treated
Appellant's pro se motion for appointment of counsel as a motion requesting
forensic DNA testing of biological material pursuant to article 64.01(a). Tex.
Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2003). Therefore, we will do
likewise. A motion for forensic DNA testing filed by a convicted person must
have an affidavit attached, sworn to by the convicted person, containing
statements of fact in support of the motion. Id. Although Appellant's
pro se motion does not comply with this requirement or with any of the other
specific requirements of article 64.01(a) or (b), the State has not voiced any
objection. The State has no such affidavit requirement when it files its written
reply. See Tex. Code Crim. Proc. Ann. art. 64.02(2)(B); Cravin v.
State, 95 S.W.3d 506, 509 (Tex. App.--Houston [1st Dist.] 2002,
no pet.). Therefore, in our review of whether evidence exists that may be
subject to forensic DNA testing, we may consider the State's written reply and
the attachments thereto.
4. On receipt of a convicted person's request for forensic
DNA testing, the court shall require the State to deliver the evidence to the
court or explain in writing to the court why the State cannot deliver the
evidence to the court. Id.