WALL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-382-CR

2-02-383-CR

ARTHUR LEE WALL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Arthur Lee Wall appeals from the denial of his request for post-conviction forensic DNA testing pursuant to chapter 64 of the code of criminal procedure.  We affirm.

Background

On April 25, 2000, Appellant was convicted by a jury of two offenses of indecency with a child by contact, committed against two victims, C.O. and A.O.  The jury assessed his punishment at seventeen years’ and twelve years’ confinement, respectively.  The judge ordered the sentences to run consecutively.  The judgments were affirmed by this court, and mandates issued on March 19, 2002.
(footnote: 2) 

On February 14, 2002, Appellant filed a pro se request for the trial court to appoint counsel to assist him in filing a motion for forensic DNA testing of evidence in these cases.  On February 15, 2002, the trial court appointed counsel.  The appellate record does not contain any further motion or pleading filed by Appellant or his counsel, and this court has confirmed with the trial court clerk that none was filed.

On August 22, 2002, the State filed a reply in each case on the issue of forensic DNA testing.  In its reply, the State asserted that because the conduct for which Appellant was convicted, touching the genitals of the children, “is not likely to leave physical findings or biological material as evidenced by the lack of findings or material collected during the sexual assault examination,” Appellant had failed to meet the requirements for forensic DNA testing. Attached to the State’s reply were portions of the trial testimony from both child victims and a completed “Tarrant County Physical & Sexual Abuse Medical Protocol” for each victim.
(footnote: 3)
 On September 6, 2002, the trial court denied Appellant’s request for forensic DNA testing.  The court entered findings of fact and conclusions of law stating that with its reply the State had included “attachments indicating that no physical evidence was recovered from the commission of the offenses.”  The court concluded that “[b]ecause no evidence exists that can be subjected to testing, the Defendant has not met his burden under 
V.A.C.C.P.
 art. 64.03.”

In his sole point on appeal, Appellant contends the trial court abused its discretion in failing to require the State to account for potential evidence under article 64.02 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 64.02.
(footnote: 4)  Appellant specifically argues the State did not account for the clothing worn by the victims at the time of the offenses.

Chapter 64 of the Texas Code of Criminal Procedure

The code of criminal procedure provides that a convicting court may order the requested forensic DNA testing be conducted only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible; and 

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and 

(B) identity was or is an issue in the case; and

(2) the convicted person established by a preponderance of the evidence that:

(A) a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; and 

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. 

Tex. Code Crim. Proc. Ann.
 art. 64.03(a).

 In reviewing the trial court's decision, we 
afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, but we review de novo other application-of-law-to-fact issues.  
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)
; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Appellant was required to establish a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been  obtained through forensic DNA testing. 
 Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A).  This “requires convicted persons to show a reasonable probability exists that exculpatory DNA tests 
would prove their innocence
.”  
Kutzner v. State
, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002) (emphasis added).  That showing has not been made if exculpatory test results would "merely muddy the waters."  
Rivera
, 89 S.W.3d at 59.  A trial court is never required to grant a convicted person's request for forensic DNA testing absent the showing required by article 64.03(a)(2)(A).  
Dinkins v. State
, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002). 

 The trial court determined that no physical evidence was recovered from the commission of the offenses.  The State’s reply to Appellant’s DNA request specifically stated that “[C.O.] testified that the defendant touched her ‘tee-tee’ with his finger” and “[A.O.] testified that the defendant touched her ‘private’ with his hand.”  The State concluded that “[s]uch conduct is not likely to leave physical findings or biological material as evidenced by the lack of findings or material collected during the sexual assault examination.”

The documents attached to the State’s reply reflect that during Appellant’s trial C.O. testified that Appellant had touched her where he was not supposed to.  Using a girl doll, she indicated Appellant used his finger to touch her genital area, which she referred to as her “tee-tee.”  A.O., who is C.O.’s sister, testified that while A.O. was swimming in the lake, Appellant came up behind her and touched her “private” or “tee-tee” with his hand, under the water, on top of her clothes.  Using a girl doll, she pointed to the genital area and said that was her “private” and “tee-tee.”  Each girl testified that Appellant fondled her while she was wearing a swimsuit.  The examining physician found no physical findings on either girl, which the physician indicated was consistent with the victims’ stated histories.  The physical examinations of the victims revealed no bodily fluids or other biological evidence to send for forensic testing.

Having carefully reviewed the pleadings and the documentation that were before the trial court, we hold that Appellant failed to establish by a preponderance of the evidence that physical evidence exists that would establish with a reasonable probability that he would not have been prosecuted or convicted if exculpatory results had been obtained through forensic DNA testing of the victims’ swimsuits.  
See
 
 Tex. Code Crim. Proc. Ann.
 arts. 64.01-.03.  Accordingly, we hold the trial court did not erroneously deny Appellant’s request for forensic DNA testing.  We overrule Appellant’s sole point on appeal.

   
Conclusion

We affirm the trial court's order denying forensic DNA testing.

 PER CURIAM

PANEL F: DAY, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  April 17, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Wall v. State
, Nos. 2-00-166-CR, 2-00-167-CR (Tex. App.—Fort Worth  Aug. 30, 2001, pet. ref’d) (not designated for publication). 

3:
The parties and the trial court apparently treated Appellant’s pro se motion for appointment of counsel as a motion requesting forensic DNA testing of biological material pursuant to article 64.01(a). 
 Tex. Code Crim. Proc. Ann.
 art. 64.01(a) (Vernon Supp. 2003).  Therefore, we will do likewise.  A motion for forensic DNA testing filed by a convicted person must have an affidavit attached, sworn to by the convicted person, containing statements of fact in support of the motion.  
Id.
  Although Appellant’s pro se motion does not comply with this requirement or with any of the other specific requirements of article 64.01(a) or (b), the State has not voiced any objection.  The State has no such affidavit requirement when it files its written reply.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 
64.02(2)(B); 
Cravin v. State
, 95 S.W.3d 506, 509 (Tex. App.—Houston [1
st
 Dist.] 2002, no pet.).  Therefore, in our review of whether evidence exists that may be subject to forensic DNA testing, we may consider the State’s written reply and the attachments thereto. 

4:
On receipt of a convicted person’s request for forensic DNA testing, the court shall require the State to deliver the evidence to the court or explain in writing to the court why the State cannot deliver the evidence to the court.  
Id.