IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-393-04






BILLY JAMES SMITH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


DALLAS COUNTY





 Meyers, J., delivered the opinion of the unanimous Court.


 Appellant was convicted of aggravated rape in 1987 and the jury assessed a life
sentence. In 2001, he filed a pro se motion for forensic DNA testing under Texas Code of
Criminal Procedure Chapter 64 and requested that counsel be appointed to represent him. 
Counsel was appointed and a formal motion for forensic DNA testing was filed,
accompanied by an affidavit by Smith stating that he is actually innocent of the offense
for which he was convicted. The trial court denied the motion, (1) stating that the motion
failed to include an affidavit alleging specific facts in support of his motion and failed to
establish by a preponderance of the evidence that exculpatory DNA tests would prove his
innocence. Appellant's request that the trial court take judicial notice of the record was
granted. The court of appeals affirmed the trial court's denial of DNA testing. Appellant
filed a pro se petition for discretionary review stating that his claim of actual innocence in
his motion and affidavit was the equivalent of asserting that he would not have been tried
or convicted if favorable DNA results were obtained. We hold that the trial court and
court of appeals erred by failing to consider the facts in the judicially noticed trial record. 
We will reverse the court of appeals and remand the cause to the trial court to order DNA
testing.

FACTS

 Smith filed the first Chapter 64 motion and affidavit pro se on October 10 and
requested counsel under 64.01(c). The statute requires that the sworn affidavit contain a
statement of facts in support of the motion, but it does not specify what facts must be
included. See Code of Criminal Procedure Art. 64.01(a). Smith included the facts that:
he was convicted of aggravated sexual assault; biological material secured by law
enforcement officials existed which could be subjected to DNA testing; and the material
was in the possession of the State at the time of the trial, but was not previously subjected
to DNA testing because DNA testing was not available. As such, Smith's pro se motion
and affidavit met the requirements of 64.01. The counsel appointed to represent Smith
filed a formal motion for forensic DNA testing, asking the court to determine whether the
evidence is in a condition that makes DNA testing possible, and whether the evidence has
been subjected to a proper chain of custody. The motion additionally asks the court to
find that identity is an issue in the case and that Smith has proven by a preponderance of
the evidence that a reasonable probability exists that he would not have been prosecuted
or convicted if exculpatory results had been obtained through DNA testing. The motion
was accompanied by an affidavit in which Smith swears that he is not guilty of the
offense for which he was convicted, and that the State has evidence that will establish that
he is innocent of the alleged offense. The record from the hearing indicates that the trial
judge heard motions from two unrelated cases at the same time. No evidence or
testimony was presented by the appointed attorney, and the trial judge denied the motions
for DNA testing presented by both Smith and another appellant. However, the court was
not clear about which motions were being heard or which was being ruled upon (nor was
the ruling clear, as mentioned in footnote 1). The judge did take judicial notice of the
trial record in Smith's case.

COURT OF APPEALS

 The court of appeals determined that the only part of Chapter 64 that is disputed in
this case is the requirement in 64.03(a)(2)(A), that Smith establish by a preponderance of
the evidence that he would not have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing. Smith v. State, No. 05-02-01411-CR, 2004 Tex.
App. LEXIS 1098 (Tex. App.- Dallas February 5, 2004)(not designated for publication). 

Because these arguments and allegations were not made in the trial court, and Appellant
argued only that he was innocent, the court of appeals agreed with the trial court's finding 
that there were not sufficient facts in support of the motion. The court of appeals stated: 

 On appeal, Smith argues that, if the samples taken from S.B. and contained
in a rape kit were tested and Smith were eliminated as the source of the
sperm, Smith's guilt would be eliminated. According to Smith, there was
testimony at the trial that the seminal fluid taken from S.B. indicated she
had sexual intercourse within the twenty-four hours preceding the offense,
but nothing in the record indicated that S.B. had intercourse with anyone
other than her attacker during the twenty-four-hour period. Smith reasons
that the source of the seminal fluid must be the man who raped S.B. 
However, these arguments and factual allegations were not made in the trial
court. In his motion and affidavit, Smith argued only that he was innocent.


Id. at *4-5. Appellant filed a pro se petition for discretionary review. We granted review
to determine whether a reasonable probability exists that DNA tests would prove
Appellant's innocence.

STANDARD OF REVIEW

 While we defer to the trial court's determination of issues of historical fact and
application of law to fact issues that turn on the credibility and demeanor of the witnesses, 
there were no such issues in this case since there were no witnesses at the hearing and the
trial record and affidavit of the Appellant are the only sources of information supporting
the motion. As a result, the trial court is in no better position and we will review the
issues de novo. 

CASELAW

 The court of appeals cites several cases holding that if no factual evidence as to the
Chapter 64 requirements is offered, trial courts do not err by denying a Chapter 64
motion. However, each of these cases can be distinguished. In Dinkins v. State, 84
S.W.3d 639 (Tex. Crim. App. 2002), we upheld the trial court's denial of DNA testing
because the facts he failed to provide in support of his motion included: what evidence he
wanted tested, and that means of testing were not available at time of trial. As a result,
his motion failed to meet the requirements of Article 64.01. Dinkins additionally said that
he wanted testing first, and then, if the results were favorable, he would show that he
would not have been prosecuted or convicted if the testing had been done prior to trial. 
However, Chapter 64 requires that this be shown before the court will order testing. 

 In Kutzner v. State, we considered the legislative intent of Article 64.03(a)(2)(a)
and determined that the statute requires convicted persons to "show a reasonable
probability exists that exculpatory DNA tests would prove their innocence." 75 S.W.3d
427, 439 (Tex. Crim. App. 2002). In response to this opinion, the Legislature amended
and clarified Article 64.03. The bill analysis states:

 a. The bill clarifies that the standard of proof with regard to getting a DNA
test is 'preponderance of the evidence.' By taking out the 'reasonable
probability' language, the intent is to clarify that the defendant does not
have to meet two burdens. Despite the reasoning in Kutzner, the Legislature
did not intend for the defendant to have to prove 'actual innocence' (a
principle under habeas law) in order to meet his burden to have the test
done. The defendant must prove that, had the results of the DNA test been
available at trial, there is a 51% chance that the defendant would not have
been convicted. 

 b. The bill further clarifies that the defendant does not have to meet a two-prong test of not having been prosecuted or convicted. Rather, the intent
was that the person would have to prove by a preponderance of the evidence that he
would not have been convicted. Accordingly, the bill strikes the 'prosecuted or' language.


House Criminal Jurisprudence Committee, Bill Analysis, Tex. H.B. 1011 78th Leg., R.S.
(2003). 

 In Whitaker v. State, 160 S.W.3d 5 (Tex. Crim. App. 2004), we held that Chapter
64 does not require the trial court to conduct a hearing, and there is no presumption in
favor of the applicant when the State fails to file a response to the motion. We
additionally concluded that regardless of the results, DNA testing would not show that
Whitaker would not have been prosecuted or convicted. Testing blood from the gun used
as the murder weapon and finding that it does not belong to the appellant in a murder case
involving three conspirators would not be exculpatory since the blood could have
belonged to the victim or one of the co-conspirators, or could have been left on the rifle
prior to the date of the offense. This is not the situation in the case before us. The
seminal fluid was left during the 24 hours prior to the exam (which was conducted about
eight hours after the attack); the seminal fluid obviously did not belong to the victim; and
there was no evidence that the victim had intercourse with anyone else who could have
left the seminal fluid other than the attacker. Therefore, in this case, if the Appellant's
DNA does not match the DNA in the seminal fluid obtained from the rape examination,
those results would be exculpatory. 

ANALYSIS

 At trial, the State used the presence of seminal fluid to indicate that a rape had
indeed occurred. The State now argues that because the victim lived with her boyfriend,
it is possible that she had intercourse with him in the 24 hours preceding the attack and
that it was his seminal fluid that was found during the exam and not the attackers. As
such, the State argues that a test indicating that Smith's DNA does not match the seminal
fluid would not be exculpatory because perhaps no seminal fluid was left at the time of
the attack. However, we must consider the testimony in the judicially noticed trial record.
Trial testimony by the victim indicates that seminal fluid was left by the attacker. This
rebuts the State's argument that even if the DNA does not match Smith, he could still be
guilty because the attacker may not have left behind any seminal fluid. Additionally,
although the issue was discussed at trial, there is no testimony in the record indicating that
the victim had intercourse with anyone other than her attacker within 24 hours of the rape
exam. The evidence that the attacker did leave seminal fluid at the time of the attack,
combined with the lack of any evidence that the victim had intercourse with anyone other
than her attacker during the 24 hours preceding the exam indicates that the seminal fluid
belongs to the attacker. Thus, results indicating that Smith's DNA does not match the
seminal fluid would be exculpatory. 

 The trial court and court of appeals examined this motion by too strict a standard in
saying that the arguments and allegations made in the trial court were insufficient. 
Because Appellant argued only that he was innocent, the trial court and the court of
appeals held that there were not sufficient facts supporting the motion. However,
innocence is a contested fact that was raised by the Appellant in support of his motion for
DNA testing. And, the court of appeals failed to consider the fact that the trial judge took
judicial notice of the trial record which did contain facts supporting the motion.

 Appellant arguably should have included in his affidavit the additional statements
that: at trial, his sister provided him with an alibi; the identification was questionable
since it was the victim's boyfriend-who had not witnessed the attack-who identified
Appellant; police searched Appellant's laundry and belongings and did not find the
clothing described by the victim; the clothes police did seize from Appellant did not
contain any DNA evidence; and the victim did not testify that she had intercourse with
anyone other than her attacker in the 24 hours prior to the exam, to support his assertion
that he would not have been convicted if test results show that Appellant's DNA does not
match the seminal fluid left by the attacker. However, the plea of actual innocence in this
pro se motion is equivalent to an assertion that there is at least a 51% chance that he
would not have been convicted. The trial record, which the trial court took judicial notice
of, contained these facts. Therefore, the trial court had enough evidence in front of it to
determine, by a preponderance of the evidence, that Appellant would not have been
convicted if the DNA results were favorable. As such, this motion meets the
requirements of Chapter 64 and Appellant is entitled to DNA testing.

CONCLUSION

 Because the trial court took judicial notice of the trial record when he ruled on the
motion, and the facts were included in the record, the trial court had enough evidence to
determine by a preponderance of the evidence that favorable DNA results would have
prevented Smith's conviction. The cause is remanded to the trial court to order DNA
testing under Article 64.03(c).


 Meyers, J.


Delivered: June 15, 2005

Publish



1. The trial court stated that it was denying the motion, but the written order signed by the
trial court indicated that the motion was dismissed with prejudice. After the court of appeals
granted the State's motion to abate the appeal and ordered the trial court to conduct a hearing
regarding whether the written order accurately reflected the trial court's ruling, the trial court
rescinded the previous order and entered a new order denying Appellant's motion.