**Richard E. DINKINS, Appellant,**

v.

**The STATE of Texas.**

**No. 74240.**

Court of Criminal Appeals of Texas.

Sept. 11, 2002.

J.D. Hamm, Beaumont, for Appellant.

Rodney D. Conerly, Assistant District Attorney, Beaumont, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court in which KELLER P.J., and PRICE, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was convicted of capital murder and sentenced to death. This Court affirmed appellant's conviction and sentence on direct appeal. *Dinkins v. State*, 894 S.W.2d 330 (Tex.Crim.App.1995). Appellant subsequently filed a motion for DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. The convicting court denied appellant's motion. Appeal of findings under Chapter 64 in capital cases is directly to this court. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp.2002);[1] *see also Kutzner v. State*, 75 S.W.3d 427, 432 (Tex.Crim.App.2002). We will affirm.

On July 18, 2001, appellant filed a motion requesting forensic DNA testing of evidence containing biological material. In his motion, appellant argued that identity was an issue in his case and that a pair of jeans used as evidence in his trial that contains biological material was never submitted for DNA testing. Moreover, he contended that the types of DNA testing that were available during his trial are outdated because of "newer techniques that provide a reasonable likelihood of results that are more accurate and probative." In response to appellant's motion, the State composed a report in which it listed property, including three pairs of jeans, that are in the possession of either the Jefferson County District Attorney's Office or the Jefferson County Regional Crime Lab in connection with appellant's case. According to the report, two pairs of jeans that are in the possession of the crime lab were tested for blood and came out negative. Another pair of jeans, in the possession of the district attorney's office, was never scientifically tested by the lab.[2]

On November 9, 2001, the convicting court conducted a hearing on appellant's Chapter 64 motion. In support of his motion, appellant introduced a report from Dr. Robert Benjamin, an associate professor of biological sciences at the University of North Texas. In his report, Dr. Benjamin explained that a number of items exist for which DNA testing "should still be possible and for which successful typing would provide probative information with regard to [appellant's] case." These items are a bloody dish rag, unidentified "assorted swabs," bloody eyeglasses, three carpet samples, and appellant's pants. Appellant also argued that since he satisfied the requirements of Article 64.01,[3] the court

---

1. All future references to Articles are to the Code of Criminal Procedure.

2. Although it is not clear from appellant's motion to which pair of jeans he is referring, we assume that the pair of jeans at issue is a pair that Richard Reem, a forensic serologist for the FBI, testified about during appellant's trial. Reem testified that he analyzed a pair of appellant's blood stained blue jeans and a blood sample taken from one of appellant's two murder victims, Katherine Thompson. *Dinkins*, 894 S.W.2d at 337. Based on the sequence of enzymes in Thompson's blood sample, Reem determined that the blood on appellant's pants was consistent with Thompson's blood type. *Id.*

3. Article 64.01 provides:
(a) A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.
(b) The motion may request forensic DNA testing only of evidence described by Subsection (a) that was secured in relation to the offense that is the basis of the challenged

should order DNA testing. Appellant explained that once he obtained the test results, he would then be able to determine whether he could argue to the court that he met the requirements of Article 64.03(2)(A).[4] The convicting court denied appellant's motion.

■ In a single point of error, appellant claims that the convicting court erroneously denied his statutory right to DNA testing. Specifically, appellant challenges the convicting court's order in which the following findings were made:

1. [Appellant] has failed to show that there is biological material that requires testing for reasons that are of a nature such that the interests of justice require it.

2. The court finds that the [appellant] has not shown by a preponderance of the evidence that a reasonable probability exists that the [appellant] would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.

3. The court finds under Chapter 64 of the Texas Code of Criminal Procedure and the facts of this case that no DNA testing of biological material is required.

Appellant contends that since he demonstrated that no testing was performed of evidence containing biological material, and that "today's science would provide a more probative result," the convicting court erred in concluding that he has failed to show that there is biological material that requires testing. We do not find that the record supports appellant's claims.

Article 64.01 provides that a convicted person may submit a motion to the convicting court requesting DNA testing of evidence containing biological material that

conviction and was in the possession of the state during the trial of the offense, but:
  (1) was not previously subjected to DNA testing:
    (A) because DNA testing was:
      (i) not available; or
      (ii) available, but not technologically capable of providing probative results; or
    (B) through no fault of the convicted person, for reasons that are of a nature such that the interests of justice require DNA testing; or
  (2) although previously subjected to DNA testing, can be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.
(c) A convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person. Compensation of counsel is provided in the same manner as is required by:
  (1) Article 11.071 for the representation of a petitioner convicted of a capital felony; and

  (2) Chapter 26 for the representation in a habeas corpus hearing of an indigent defendant convicted of a felony other than a capital felony.

4. Article 64.03 provides:

(a) A convicting court may order forensic DNA testing under this chapter only if:
  (1) the court finds that:
    (A) the evidence:
      (i) still exists and is in a condition making DNA testing possible; and
      (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
    (B) identity was or is an issue in the case; and
  (2) the convicted person establishes by a preponderance of the evidence that:
    (A) a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; and
    (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

was in the State's possession during trial. The motion must be accompanied by an affidavit sworn to by the convicted person, containing statements of fact in support of the motion. For evidence that was not previously subjected to DNA testing, the convicted person must demonstrate in his or her motion that: (1) DNA testing was not available; (2) DNA testing was available but not technologically capable of providing probative results; or (3) through no fault of the convicted person, the evidence was not tested but requires testing in order to satisfy the interests of justice. When requesting testing for evidence that was previously subjected to DNA testing, the convicted person must demonstrate that the evidence containing biological material can be "subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." Tex.Code Crim. Proc. Ann. art. 64.01(b)(2).

Appellant has failed to meet the requirements of Article 64.01. First, it should be noted that we are not entirely clear as to what evidence appellant wants tested. While in his original motion he requested testing of a pair of jeans, the report by Dr. Benjamin, which was submitted by appellant in support of his motion, also listed a number of other items. Appellant has never explained the discrepancy between his original motion and Dr. Benjamin's report.

Moreover, although in his motion appellant claimed that the jeans were never submitted for DNA testing and that means of testing that were available during his trial are now outdated, he did not provide statements of fact in support of these claims. Dr. Benjamin's report likewise failed to provide facts in support of appellant's claims. After providing a list of the evidence that should be submitted for test-

ing, Dr. Benjamin concluded his report by stating the following:

At the time of the original trial (1989), several types of DNA testing were available through a somewhat limited number of laboratories. These included RFLP and a very early form of PCR-based testing. Although I would have recommended pursuing those tests at the time, today's PCR-based tests are far more sensitive and much better for dealing with mixed samples than the early "dot strip" tests. Mitochondrial DNA testing is also now available for hair shafts and highly degraded samples. This was not available at the time of the original trial.

While in his report Dr. Benjamin made general statements about the type of DNA testing that was available at the time of appellant's trial, he failed to specifically address the issue of whether at the time of appellant's trial the type of DNA testing necessary to test appellant's jeans was capable of providing probative results. Because appellant has failed to provide facts in support of his motion, we cannot say that the convicting court erroneously determined that appellant failed to show the existence of evidence containing biological material that should be subjected to DNA testing.

■ Appellant further claims that the convicting court erred in requiring him to show that a reasonable probability exists that he would not have been prosecuted if exculpatory results had been obtained through DNA testing. Specifically, appellant argues that "[a]n interpretive analysis of [Article 64.03(a)(2)(A) ] lends more credence to the idea that a convicted person should be allowed the testing before required to make this argument [or] an assumption that the State would be fair and not prosecute a defendant in light of exculpatory evidence. . . ."

Appellant ignores the plain language of Article 64.03. Article 64.03(a)(2)(A) directs a convicting court to order DNA testing of evidence containing biological material only if a convicted person establishes by a preponderance of the evidence that there is a reasonable probability that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. A trial court is never required to grant a convicted person's request for testing absent such a showing.

Because appellant has failed to satisfy the requirements of Chapter 64, we hold that the convicting court did not erroneously deny his request for DNA testing. Accordingly, the judgment of the convicting court is affirmed.

WOMACK and KEASLER, JJ., concurred.