MOORE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-465-CR

DAVID KENNETH MOORE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, appellant David Kenneth Moore appeals the trial court’s order denying his request for forensic DNA testing.  We affirm.

Appellant was convicted of sexual assault of a child and was sentenced to deferred adjudication community supervision.  The trial court later adjudicated him guilty and sentenced him to twelve years’ confinement.

On April 10, 2002, appellant filed a “Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure” indicating that he wanted to submit a motion for DNA testing and asking that he be appointed counsel for that purpose.  
See
 Tex. Code Crim. Proc. Ann.
 arts. 64.01-.05 (Vernon Supp. 2003).  The trial court appointed an attorney for appellant on April 12, 2002.  On September 27, 2002, the trial court denied the request for DNA testing. 

Appellant contends that the trial court erred in denying his request because the State’s response to his request indicates that the clothing the victim put on after the assault “arguably yielded DNA evidence.”  The State replies that there is no evidence containing biological material to be tested because the assault occurred on January 24 or 25, 1997 and the victim did not report the assault until March 1, 1997.

A convicted person may request that DNA evidence containing biological material be tested.  
Id
. art. 64.01(a).  However, this request must “be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.”  
Id
.  The record before us contains no motion, nor any sworn affidavit, alleging facts supporting appellant’s request.  Accordingly, the trial court did not err in denying appellant’s request.  
See Dinkins v. State
, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002) (holding that because appellant failed to provide facts in support of his motion, court could not determine that trial court erred in denying DNA testing request).  We overrule appellant’s point and affirm the trial court’s order.

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 1, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.