COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-465-CR
 
DAVID KENNETH MOORE                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
In a single point, appellant David Kenneth
Moore appeals the trial court's order denying his request for forensic DNA
testing. We affirm.
Appellant was convicted of sexual assault
of a child and was sentenced to deferred adjudication community supervision. The
trial court later adjudicated him guilty and sentenced him to twelve years'
confinement.
On April 10, 2002, appellant filed a
"Request for Appointment of Counsel Pursuant to Article 64, Code of
Criminal Procedure" indicating that he wanted to submit a motion for DNA
testing and asking that he be appointed counsel for that purpose. See
Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon Supp. 2003). The trial court
appointed an attorney for appellant on April 12, 2002. On September 27, 2002,
the trial court denied the request for DNA testing.
Appellant contends that the trial court
erred in denying his request because the State's response to his request
indicates that the clothing the victim put on after the assault "arguably
yielded DNA evidence." The State replies that there is no evidence
containing biological material to be tested because the assault occurred on
January 24 or 25, 1997 and the victim did not report the assault until March 1,
1997.
A convicted person may request that DNA
evidence containing biological material be tested. Id. art. 64.01(a).
However, this request must "be accompanied by an affidavit, sworn to by the
convicted person, containing statements of fact in support of the motion." Id.
The record before us contains no motion, nor any sworn affidavit, alleging facts
supporting appellant's request. Accordingly, the trial court did not err in
denying appellant's request. See Dinkins v. State, 84 S.W.3d 639, 642
(Tex. Crim. App. 2002) (holding that because appellant failed to provide facts
in support of his motion, court could not determine that trial court erred in
denying DNA testing request). We overrule appellant's point and affirm the trial
court's order.
 
                                                                   
PER CURIAM
 
PANEL F: LIVINGSTON, DAUPHINOT, and
HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 1, 2003

1. See Tex. R. App. P. 47.4.