Affirmed and Memorandum Opinion filed December 9, 2003














Affirmed and
Memorandum Opinion filed December 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-01239-CR

_______________

 

LEON HARRISON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 635,921

_____________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Leon Harrison appeals the trial
court’s denial of his post-conviction[1] motion for
DNA testing on the grounds that: (1) his state and federal constitutional due
process rights were violated; and (2) the State failed to establish its lack of
possession of biological materials.  We
affirm.

            Appellant’s first two points of
error argue that his state and federal due process rights were violated because
he was denied an opportunity to confront and cross-examine the State’s
witnesses[2]
during his post-trial DNA motion hearing. 
However, nothing in the record shows that appellant requested to
cross-examine these witnesses or otherwise brought this complaint to the
attention of the trial court.[3]  Therefore, appellant’s first two points of
error present nothing for our review and are overruled.

            Appellant’s third issue asserts the
trial court erred in denying his motion for post-conviction DNA testing because
the State failed to sustain its burden to establish that no biological material
that could be tested was in any law enforcement agency’s possession.  However, two of the State’s affidavits and
the trial court findings of fact state that such evidence did exist.  Therefore, the lack of such evidence was not
a basis for the trial court’s ruling.

            Rather, the trial court’s findings
of fact and conclusions of law indicate that it denied  appellant’s request for DNA testing because
he failed to show that: (1) identity was an issue in the case; and (2) a
reasonable probability existed that he would not have been prosecuted or
convicted if exculpatory results had been obtained through DNA testing.[4]  Because appellant’s third point of error has
not challenged the grounds upon which the trial court’s ruling was based, it
fails to show error in denying his motion for post-conviction DNA testing.  Accordingly, appellant’s third point of error
is overruled, and the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed December 9, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 











[1]           Appellant pled guilty to second degree sexual
assault and was sentenced to two years confinement.





[2]           The State offered affidavits from the District
Clerk’s exhibit clerk, the Houston Police Department Crime Lab’s custodian of
records, and the Houston Police Department’s property room custodian.





[3]           See Tex.
R. App. P. 33.1(a)
(to be preserved for appellate review, a complaint generally must be made by a
timely request, objection, or motion to the trial court);  Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (finding that appellant’s failure to
object under the Confrontation Clause waived that argument on appeal).





[4]           See Tex. Code Crim. Proc.
Ann. art.
64.03(a)(1)(B), (a)(2)(A) (Vernon Supp. 2004) (allowing a convicting court to
order DNA testing only if, among other things, the court finds that identity
was an issue in the case and the convicted person establishes by a
preponderance of the evidence that a reasonable probability exists that he
would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing); Dinkins v. State
84 S.W.3d 639, 643 (Tex. Crim. App. 2002) (noting
that a trial court is never required to grant a convicted person’s request for
testing absent such a showing).