Guy Fernand Zinsou

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-010-CR

GUY FERNAND ZINSOU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  I
NTRODUCTION 

In a single point, Guy Fernand Zinsou (“Zinsou”) appeals the trial court’s denial of his motion for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure.  
See
 
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. 
art. 64.01 (Vernon Supp. 2004).  We affirm.

II.  B
ACKGROUND

In August 1997, Zinsou pled guilty to aggravated sexual assault of a child younger than fourteen years of age and was sentenced to eighteen years’ confinement.  In an unpublished opinion, this court dismissed Zinsou’s appeal for want of jurisdiction due to an untimely notice of appeal. 
 See Zinsou v. State
, No. 02-97-00568-CR (Tex. App.—Fort Worth Jan. 15, 1998, no pet.) (not designated for publication).  On September 10, 2003, Zinsou, through his appointed counsel, filed an amended motion for post-conviction forensic DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure.  
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. 
art. 64.01.  In his motion, Zinsou contends that the evidence that was previously tested should be subjected to newer technology and techniques that provide a reasonable likelihood of more accurate and probative test results.  
See id.
 
art. 64.01(b)(2).  

On November 4, 2003, the State filed its response to Zinsou's motion and attached an affidavit of the Fort Worth Police Department’s (“FWPD”) record custodian and two reports of FWDP Crime Laboratory serologists.  In the affidavit, record custodian Philip Aviles explains that FWDP possesses the following evidence:  EDTA from the victim, vaginal swabs, oral swabs, perineum swabs, cuttings containing semen, and EDTA from Guy Zinsou.  In her report, Constance Patton, the original serologist, indicates that she detected semen on the vaginal and perineum swabs and on the cuttings from the panties and sheet.  In a supplemental report, Jamie King, the second serologist, describes conducting DNA-RFLP analytical testing on the evidence and comparing it to Zinsou’s known blood.  King concludes that Zinsou’s profile matched the male fraction from the sheet, two bands from the female fraction from the sheet, and two bands from the female fraction from the vaginal swab. King also calculated the probability of selecting an unrelated individual matching the DNA-RFLP profile of the defendant to be one in greater than 1.7 trillion Caucasians, one in 92.5 billion Hispanics, and one in 86 billion African-Americans.  The trial court denied Zinsou’s motion.

 In a single issue, Zinsou complains that the trial court erred in denying his request for DNA testing because its findings of fact and conclusions of law relating to mathematic probabilities produced by an earlier DNA test are of no significance to the question of whether new testing would produce a more accurate or probative result, and, as a matter of law, they provide an insufficient basis for the trial court’s denial of new DNA testing.
(footnote: 2)
III.  S
TANDARD
 
OF
 R
EVIEW 

In reviewing the trial court’s ruling on a motion for post-conviction DNA testing, we afford almost total deference to the trial court’s determination of historical-fact issues and application of law-to-fact issues that turn on credibility and demeanor.  
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  
However, we review de novo the ultimate question of whether the trial court was required to grant a motion for DNA testing under chapter 64 of the Texas Code of Criminal Procedure.  
See id
. 
 

III. C
HAPTER
 64 
OF THE
 T
EXAS
 C
ODE
 
OF
 C
RIMINAL
 
P
ROCEDURE

A convicted person may submit a motion to the convicting court requesting forensic DNA testing of evidence containing biological material that was in the State’s possession during trial.
  T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. 
art. 64.01
(
a
)
.  The motion must be accompanied by an affidavit sworn to by the convicted person, containing statements of fact in support of the motion.  
Id. 
When requesting additional testing of DNA evidence, the convicted person must demonstrate that the evidence containing biological material can be “subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.” 
 
Id.
 
art. 64.01(b)(2).  The key issue in considering new requests regarding previously tested evidence is whether the type of DNA testing available and used to test the evidence was capable of providing probative results.  
See Dinkins v. State
, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). 
 

Additionally, the convicting court must order testing if it finds that (1) the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (2) identity was or is an issue in the case; (3) the convicted person established by a preponderance of the evidence that he or she would not have been convicted if exculpatory results had been obtained through DNA testing; and (4) the request for the proposed DNA testing was not made to unreasonably delay the execution of sentence or administration of justice.  
See
 
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
.
 
art.
 64.03.

IV.  D
ISCUSSION 

Here, Zinsou failed to provide supporting facts to demonstrate that the evidence can be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.  
See
 
id.
 
art. 64.01(b).  Moreover, he failed to provide facts as to whether the type of DNA testing available and previously used to test the evidence was capable of providing probative results.  
Dinkins
, 84 S.W.3d at 642.  Absent such support, Zinsou failed to carry his burden.
(footnote: 3)  
See 
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. 
art. 64.01(b)(2);
 Dinkins
, 84 S.W.3d at 642
.  Accordingly, without reaching Zinsou’s argument on appeal, we conclude the trial court did not err in denying Zinsou’s motion for additional DNA testing.  
We affirm the judgment of the trial court. 

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Specifically, Zinsou challenges the following findings and conclusion:

[Finding of Fact No. 6] Jamie King, a serologist, conducted forensic DNA testing on the evidence containing semen, and determined that the defendant’s known profile matched the profiles obtained from the sheet and the vaginal swab.

[Finding of Fact No. 7] Ms. King calculated the probability of an unrelated person with a matching DNA profile at 1 in 1.17 trillion Caucasians, 1 in 86 billion African-Americans, and 1 in 92.5 billion Hispanics. [Citation omitted.]

[Conclusion of Law No. 3] Given the minuscule probability of an unrelated individual matching the DNA-RFLP profile of the defendant, there is no reasonable likelihood that any new DNA testing technique would provide a more accurate or probative result. 

3:
Based on Zinsou’s failure to carry his burden on the issue of more probative testing under article 64.01(b)(2), we need not address the other requirements in article 64.03.  
See 
T
EX
. C
ODE
 C
RIM
. P
ROC
. A
NN
. 
art. 64.01(b)(2), 64.03.