COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-010-CR
 
  
GUY FERNAND ZINSOU                                                         APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 297TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. INTRODUCTION
        In 
a single point, Guy Fernand Zinsou (“Zinsou”) appeals the trial court’s 
denial of his motion for post-conviction DNA testing pursuant to chapter 64 of 
the Texas Code of Criminal Procedure. See TEX. 
CODE CRIM. 
PROC. ANN. 
art. 64.01 (Vernon Supp. 2004). We affirm.
II. BACKGROUND
        In 
August 1997, Zinsou pled guilty to aggravated sexual assault of a child younger 
than fourteen years of age and was sentenced to eighteen years’ confinement. 
In an unpublished opinion, this court dismissed Zinsou’s appeal for want of 
jurisdiction due to an untimely notice of appeal. See Zinsou v. State, 
No. 02-97-00568-CR (Tex. App.—Fort Worth Jan. 15, 1998, no pet.) (not 
designated for publication). On September 10, 2003, Zinsou, through his 
appointed counsel, filed an amended motion for post-conviction forensic DNA 
testing pursuant to chapter 64 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 64.01. In his motion, Zinsou contends 
that the evidence that was previously tested should be subjected to newer 
technology and techniques that provide a reasonable likelihood of more accurate 
and probative test results. See id. art. 64.01(b)(2).
        On 
November 4, 2003, the State filed its response to Zinsou's motion and attached 
an affidavit of the Fort Worth Police Department’s (“FWPD”) record 
custodian and two reports of FWDP Crime Laboratory serologists. In the 
affidavit, record custodian Philip Aviles explains that FWDP possesses the 
following evidence: EDTA from the victim, vaginal swabs, oral swabs, perineum 
swabs, cuttings containing semen, and EDTA from Guy Zinsou. In her report, 
Constance Patton, the original serologist, indicates that she detected semen on 
the vaginal and perineum swabs and on the cuttings from the panties and sheet. 
In a supplemental report, Jamie King, the second serologist, describes 
conducting DNA-RFLP analytical testing on the evidence and comparing it to 
Zinsou’s known blood. King concludes that Zinsou’s profile matched the male 
fraction from the sheet, two bands from the female fraction from the sheet, and 
two bands from the female fraction from the vaginal swab. King also calculated 
the probability of selecting an unrelated individual matching the DNA-RFLP 
profile of the defendant to be one in greater than 1.7 trillion Caucasians, one 
in 92.5 billion Hispanics, and one in 86 billion African-Americans. The trial 
court denied Zinsou’s motion.
        In 
a single issue, Zinsou complains that the trial court erred in denying his 
request for DNA testing because its findings of fact and conclusions of law 
relating to mathematic probabilities produced by an earlier DNA test are of no 
significance to the question of whether new testing would produce a more 
accurate or probative result, and, as a matter of law, they provide an 
insufficient basis for the trial court’s denial of new DNA testing.[2]
III. STANDARD OF REVIEW
        In 
reviewing the trial court’s ruling on a motion for post-conviction DNA 
testing, we afford almost total deference to the trial court’s determination 
of historical-fact issues and application of law-to-fact issues that turn on 
credibility and demeanor. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. 
App. 2002). However, we review de novo the ultimate question of whether the 
trial court was required to grant a motion for DNA testing under chapter 64 of 
the Texas Code of Criminal Procedure. See id.
III. CHAPTER 64 OF THE TEXAS 
CODE OF 
CRIMINAL PROCEDURE
        A 
convicted person may submit a motion to the convicting court requesting forensic 
DNA testing of evidence containing biological material that was in the State’s 
possession during trial. TEX. CODE CRIM. PROC. ANN. 
art. 64.01(a). The motion must be accompanied by an affidavit sworn to by the 
convicted person, containing statements of fact in support of the motion. Id. 
When requesting additional testing of DNA evidence, the convicted person must 
demonstrate that the evidence containing biological material can be “subjected 
to testing with newer testing techniques that provide a reasonable likelihood of 
results that are more accurate and probative than the results of the previous 
test.” Id. art. 64.01(b)(2). The key issue in considering new requests 
regarding previously tested evidence is whether the type of DNA testing 
available and used to test the evidence was capable of providing probative 
results. See Dinkins v. State, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).
        Additionally, 
the convicting court must order testing if it finds that (1) the evidence still 
exists, is in a condition making DNA testing possible, and has been subjected to 
a chain of custody sufficient to establish that it has not been substituted, 
tampered with, replaced, or altered in any material respect; (2) identity was or 
is an issue in the case; (3) the convicted person established by a preponderance 
of the evidence that he or she would not have been convicted if exculpatory 
results had been obtained through DNA testing; and (4) the request for the 
proposed DNA testing was not made to unreasonably delay the execution of 
sentence or administration of justice. See TEX. 
CODE CRIM. 
PROC. ANN. 
art. 64.03.
IV. DISCUSSION
        Here, 
Zinsou failed to provide supporting facts to demonstrate that the evidence can 
be subjected to testing with newer techniques that provide a reasonable 
likelihood of results that are more accurate and probative than the results of 
the previous test. See id. art. 64.01(b). Moreover, he failed to 
provide facts as to whether the type of DNA testing available and previously 
used to test the evidence was capable of providing probative results. Dinkins, 
84 S.W.3d at 642. Absent such support, Zinsou failed to carry his burden.[3]  See TEX. 
CODE CRIM. 
PROC. ANN. 
art. 64.01(b)(2); Dinkins, 84 S.W.3d at 642. Accordingly, without 
reaching Zinsou’s argument on appeal, we conclude the trial court did not err 
in denying Zinsou’s motion for additional DNA testing. We affirm the judgment 
of the trial court.
  
  
                                                                  PER 
CURIAM
 
  
PANEL F:   MCCOY, 
GARDNER, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: July 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Specifically, Zinsou challenges the following findings and conclusion:
[Finding 
of Fact No. 6] Jamie King, a serologist, conducted forensic DNA testing on the 
evidence containing semen, and determined that the defendant’s known profile 
matched the profiles obtained from the sheet and the vaginal swab.
[Finding 
of Fact No. 7] Ms. King calculated the probability of an unrelated person with a 
matching DNA profile at 1 in 1.17 trillion Caucasians, 1 in 86 billion 
African-Americans, and 1 in 92.5 billion Hispanics. [Citation omitted.]
 
[Conclusion 
of Law No. 3] Given the minuscule probability of an unrelated individual 
matching the DNA-RFLP profile of the defendant, there is no reasonable 
likelihood that any new DNA testing technique would provide a more accurate or 
probative result.
3.  
Based on Zinsou’s failure to carry his burden on the issue of more probative 
testing under article 64.01(b)(2), we need not address the other requirements in 
article 64.03. See TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2), 64.03.