NO. 07-05-0430-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 10, 2006
_____

LORENZO KEITH LASALLE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 35,213-A; HON. HAL MINER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Lorenzo Keith LaSalle (appellant) appeals from an order denying him post-conviction DNA testing. Via a single issue, he contends that the trial court abused its discretion so ordering. We overrule the issue and affirm the order.

Appellant's request for testing and affidavit attached thereto were deficient in several respects. First, while numerous items were seized by the police and remain in the custody of the State, appellant did and has not identified the evidence he wants tested. That

omission proved fatal in *Dinkins v. State,* 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). Appellant has given us no reason to deviate from the holding in *Dinkins*.

Second, one requesting DNA testing must also establish by a preponderance of the evidence that there is a reasonable probability that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. *Id.* at 642-43. Appellant's "evidence" purporting to satisfy this burden consisted of his opinion that "I believe that if the court will order DNA testing on the original specimens taken from both the alleged victim to this offense and the specimen taken from me, (or any other evidence in the State's possession subject to DNA testing), that a DNA test will prove my innocence." This conclusory utterance or his "belief" falls short of being evidence sufficient to create a reasonable probability that he would have neither been prosecuted or convicted had DNA testing been favorable. Nor does his "belief" tend to negate the plethora of the inculpatory evidence presented against him at trial. This evidence consisted of, among other things, 1) his own statement that he entered the victim's abode and struck her at the time in question, 2) the discovery of his shoe prints outside the victim's house, and 3) the discovery, in appellant's house, of clothing matching that of the person who assaulted the victim.

Third, DNA testing was conducted by the Federal Bureau of Investigation on various specimens obtained from the victim and appellant, contrary to appellant's representation. The testing proved inconclusive. Why that result would not be obtained if additional testing was undertaken goes unexplained by appellant.

The foregoing circumstances preclude us from holding that the trial court erred in ordering that appellant's request for DNA testing be denied.  Consequently, we affirm that order.

Per Curiam

Do not publish.