Affirmed and Memorandum Opinion filed May 28, 2009








Affirmed and Memorandum Opinion filed May 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00441-CR

_______________

 

DENNIS ALAN JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 775100 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant Dennis Alan Johnson of aggravated robbery and assessed
punishment at fifteen years= confinement.  After his conviction became final, appellant
filed two motions for post-conviction DNA analysis.  The trial court denied
these motions.  In a single issue, appellant challenges the denial of his
motions.  Because appellant failed to meet the requirements of chapter 64 of
the Texas Code of Criminal Procedure, we affirm.








I.  Background

In 1998,
a jury convicted appellant of aggravated robbery and sentenced him to 15 years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  The trial court rendered
judgment on the jury=s verdict and his conviction became final in 2002. 

In
January 2007 and May 2008, appellant filed motions for post-conviction DNA
analysis.[1] The State
responded by asserting that appellant failed to meet the burden of establishing
by a preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing.[2]
The trial court heard the motions and denied them in May 2008.  Appellant
timely appealed.

II.  Issue Presented

In
appellant=s sole issue, he argues that the trial court erred by denying his motion
for post-conviction DNA testing because he established by a preponderance of
evidence that, had the results proved exculpatory, he would not have been
prosecuted or convicted.

III.  Analysis








We
review a trial court=s decision to deny a motion for post‑conviction DNA
testing under a bifurcated standard of review.  Rivera v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to the
trial court=s determination of issues of historical fact and the application of law
to the fact issues that turn on an evaluation of credibility and demeanor.  Id. 
But where, as here, the clerk=s record and affidavit of appellant are the only sources of
information supporting the motion, the trial court is in no better position
than we are to make its decision, and we review the issues de novo.[3] 
See Smith v. State, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).  An
appellant bears the burden of satisfying the chapter 64 requirements.  Wilson
v. State, 185 S.W.3d 481, 484 (Tex. Crim. App. 2006).  








A court
may order forensic DNA testing of evidence only if the court finds (1)
evidence, which has been subjected to a sufficient chain of custody to
establish its integrity, exists in a condition making DNA testing possible; (2)
identity was or is an issue in the case; and (3) the defendant establishes by a
preponderance of the evidence that (a) he would not have been convicted if
exculpatory results had been obtained through DNA testing, and (b) the request
for DNA testing is not made to unreasonably delay the execution of his sentence
or interfere with the administration of justice.  Tex. Code  Crim.  Proc. Ann. art. 64.03(a); Dinkins v.
State, 84 S.W.3d 639, 641B42 (Tex. Crim. App. 2002).  In this case, the trial court=s findings indicate that some of the
physical evidence identified by appellant in his motion existed in a condition
making DNA testing possible.  The trial court further found that appellant Afail[ed] to show by a preponderance
of the evidence that a reasonable probability exists that [he] would not have
been convicted if exculpatory results had been obtained through DNA testing.@[4]  Thus, the trial court concluded
that appellant did not meet the Aburden of proof requirements under
article 64.03(a)(2).@  See Tex.
Code  Crim.  Proc. Ann. art. 64.03(a)(2) (requiring that the convicted
person show, by a preponderance of the evidence, that he would not have been
convicted if exculpatory results had been obtained through DNA testing and that
the request for DNA testing was not made to unreasonably delay execution of his
sentence or the administration of justice). 

Only
evidence that qualifies for testing under article 64.01(b) should be included
in the Acalculus@ for determining whether an appellant
has established by a preponderance of the evidence that he would not have been
convicted if exculpatory results had been obtained through DNA testing.  See
Routier v. State, 273 S.W.3d 241, 245 (Tex. Crim. App. 2008).  In this
case, our analysis begins and ends with consideration of whether appellant=s motion and the evidence identified
therein qualify for testing under article 64.01(b).  

As is
relevant here, for evidence that was not previously subjected to DNA testing,
this article provides that a convicted person must demonstrate in his motion
that, through no fault of his own, the evidence was not tested but requires
testing to satisfy the interests of justice.  Tex.
Code  Crim.  Proc. Ann. art. 64.01(b)(1)(B).  It is not enough for an
appellant to merely assert that the evidence at issue was not subjected to
testing through no fault of his own; instead, he must make a Amore particularized@ showing of the absence of fault to
properly invoke this subsection.  Routier, 273 S.W.3d at 252 (ABut the appellant does not even
attempt to argue that she can satisfy [article 64.01(b)(1)(B)] (other than her
general no-fault argument, which we have already rejected).  She has therefore
failed to show she is now entitled to conduct post-conviction DNA testing on
the previously untested blood stains. . . .@); Tex.
Code Crim. Proc. Ann. art. 64.01(a) (providing motion must be
accompanied by affidavit containing factual statements supporting motion).  








Like the
appellant in Routier, appellant simply states in his motions thatA[t]he evidence was not previously
subjected to DNA testing through no fault of the defendant, for reasons that
are of a nature such that the interests of justice require DNA testing.@  Appellant=s affidavit provides only that he has
Aread the foregoing [motion for DNA
testing].  Each and every factual allegation contained therein is true and
correct to [his] own personal knowledge, or through official records which [he]
has read.@[5]  Other than procedural details,
there are no facts contained in the motions.[6] 
Instead, the motions simply reiterate the statutory requirements regarding
post-conviction DNA testing. 

Under
these circumstances, we conclude that appellant has not made the necessary Aparticularized showing@ of the absence of fault in his
motion.  See Routier,  273 S.W.3d at 245, 252; see also Tex. Code Crim. Proc. Ann. art.
64.01(a) (AThe motion must be accompanied by an affidavit, sworn to by the convicted
person, containing statements of fact in support of the motion.@ (emphasis added)).  Thus none of the
items appellant has identified in his motions qualify for testing under article
64.01, and none are included in the Acollective calculus@ for determining whether he would not
have been convicted.  See Routier, 273 S.W.3d at 245.  Accordingly,
appellant has not established by a preponderance of the evidence that he would
not have been convicted if exculpatory results had been obtained through DNA
testing.  See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(2).  The trial court did not err in denying his
motions for post-conviction DNA testing.








IV.  Conclusion

We
overrule appellant=s sole issue and affirm the decision of the trial court.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  The latter motion differs from the former in that
appellant specifies the following items for testing: fingernail scrapings,
blood smears Awhich may have been the attacker[=]s,@ turned out
pockets Awhich may contain biological tissue identifying the
actual person who robbed/murdered complainant,@ door jambs, burglar bars and closet doors, and latent prints.  The
same affidavit, dated November 17, 2006, is attached to both motions.





[2]  Tex. Code Crim. Proc. Ann. art. 64.03(a)(2) (Vernon Supp. 2008).





[3]  Although we have a copy of the reporter=s record from the hearing on appellant=s motions, no witnesses testified at this hearing. 
Instead, on the State=s motion, the trial court admitted the State=s affidavits regarding the status of the evidence from
appellant=s trial and heard argument from counsel.  The only
argument proffered by appellant=s trial counsel
is as follows:

Mr. Johnson
would like to have the Defendant=s
DNA evidence tested to show that he was not at the scene of the crime.  He
feels that he was not at the scene of the crime.  He feels  that all the
testing that they could possibly - - there is evidence in the State=s possession.  And, basically, he=d like to have it tested to prove that he wasn=t there at the scene or he=s also saying that he was innocent. 





[4] The trial court made no finding that identity was or
is an issue in this case.  Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1)(A)(B).  Nothing in article 64.03
requires the trial court to make such findings when denying a motion for DNA
testing.  But we focus our analysis on the findings that the trial court did
make, although the State identifies numerous other defects in appellant=s motion. 





[5]  We have previously observed that an affidavit identical
to the one provided by appellant here did not satisfy the requirements of
article 64.01(a).  See Vay v. State, No. 14-06-00080-CR, 2007 WL 705620,
at *3 (Tex. App.CHouston [14th Dist.] Mar. 8, 2007, no pet.).





[6]  Appellant did attach a copy of this court=s opinion affirming his conviction to his motion.  See
Johnson v. State, No. 14-98-01349-CR, 2001 WL 306111 (Tex. App.CHouston [14th Dist.] Mar. 29, 2001, pet. ref=d) (not designated for publication).  However, nothing
in the opinion sheds any light on this particular issue.