

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00318-CR

_____

**CHRISTOPHER LEAVELE PATT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 09-02307-CRF-85

_____

## MEMORANDUM OPINION

_____

Christopher Leavele Patt filed a "Motion for Forensic DNA Testing" which the trial court denied. He appeals. Because the trial court did not abuse its discretion in denying Patt's motion, we affirm.

In his first issue, Patt contends that the trial court abused its discretion in failing to find that Patt satisfied the "interests of justice" exception of former article 64.01(b)(1)(B) of the Code of Criminal Procedure. Act of 2001, 77th Leg., ch. 2 (S.B. 3), § 2, *eff*. April 5, 2001; amended by Act of 2011, 82nd Leg., ch. 366 (S.B. 122), § 1 and Act of

2011 82nd Leg., ch. 278 (H.B. 1573), § 5 *eff.* Sept. 1, 2011 (current version at TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (West Supp. 2012)).[1] We conduct a de novo review of the trial court's ruling. *See Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

Article 64.01 provides that a convicted person may submit a motion to the convicting court requesting DNA testing of evidence containing biological material that was in the State's possession during trial. Act of 2001, 77th Leg., ch. 2 (S.B. 3), § 2, *eff.* April 5, 2001; amended by Act of 2011, 82nd Leg., ch. 366 (S.B. 122), § 1 and Act of 2011 82nd Leg., ch. 278 (H.B. 1573), § 5 *eff.* Sept. 1, 2011, (formerly TEX. CODE CRIM. PROC. ANN. art. 64.01(a) (current version at TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1) (West Supp. 2012)). The motion must be accompanied by an affidavit sworn to by the convicted person, containing statements of fact in support of the motion. *Id.*; *Dinkins v. State*, 84 S.W.3d 639, 641-642 (Tex. Crim. App. 2002). Because Patt filed his motion for DNA testing before the effective date of the changes to Chapter 64 and because DNA testing had not been done at his trial, Patt was required to show in his motion that no DNA testing occurred "through no fault of the convicted person, for reasons that are of such a nature that the interests of justice require DNA testing." Act of 2001, 77th Leg., ch. 2 (S.B. 3), § 2, *eff.* April 5, 2001 (formerly TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(1)(B)).

---

[1] Patt filed his motion for DNA testing in May of 2011, thus the former version of the statute applies. All citations to the statute are to the former version.

Initially we note that Patt's "affidavit" is deficient. Instead of "containing statements of fact in support of the motion" as required, Patt simply states under a heading of "Inmate's Declaration:"

> I, Christopher Leavele Patt, prisoner number 162271 being presently incarcerated in the McConnell Unit, declare under penalty of perjury that I have read the foregoing Motion for DNA Testing and the factual assertions contained therein are according to my belief true and correct.[2]

This is not an affidavit "containing statements of fact in support of the motion." Because there is no affidavit containing facts in support of the motion, the trial court did not err in denying Patt's Motion for Forensic DNA Testing. *See Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

Even if the declaration is a sufficient affidavit, the motion itself is insufficient to show "no fault." A person claiming "no fault" in failing to request DNA testing must make a more particularized showing of the absence of fault under article 64.01(b)(1)(B) because Chapter 64 requires defendants to avail themselves of whatever DNA technology may be available at the time of trial. *Ex parte Gutierrez*, 337 S.W.3d 883, 895 (Tex. Crim. App. 2011). Patt's motion fails to address the "no fault" provision of article 64.01(b)(1)(B). Thus, the trial court did not abuse its discretion in denying Patt's motion for DNA testing.

Patt's first issue is overruled.

---

[2] This statement barely meets the requirements of an unsworn declaration by an inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(e) (West Supp. 2012).

Because of our disposition in Patt's first issue, we need not address Patt's second issue that the trial court abused its discretion in failing to find that Patt established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.

The trial court's order is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 13, 2012
Do not publish
[CRPM]