

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00114-CR

Mark Dalton **SIMPSON** a/k/a Mark Dalton Acevedo,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-7631
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:   January 30, 2013

AFFIRMED

Mark Dalton Simpson a/k/a Mark Dalton Acevedo appeals the trial court's denial of his post-conviction motion for re-testing of DNA material. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2) (West Supp. 2012). We affirm.

### BACKGROUND

Simpson was indicted for sexual assault of a child younger than 14 years of age by digitally penetrating the child's female sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West Supp. 2012). After a jury trial, Simpson was convicted of aggravated

sexual assault of a child as charged, and was sentenced to fifteen years in prison. On appeal, Simpson argued the evidence was legally and factually insufficient to support the jury's finding that he penetrated the female sexual organ of the child. We overruled his appellate issues and affirmed the trial court's judgment. *Acevedo v. State*, No. 04-05-00575-CR, 2006 WL 3611379, at *2 (Tex. App.—San Antonio Dec. 13, 2006, pet. ref'd) (mem. op., not designated for publication) (holding that any penetration that passes beyond the folds of the external genitalia, no matter how slight, is sufficient and the child's testimony alone was sufficient to support the conviction). The trial evidence, as summarized in our prior opinion, consisted of the testimony of the child, B.G., who stated that Simpson touched her with his hand under her clothes on her "private" and put his finger in her private part on the night in question; the testimony of the sexual assault nurse who examined B.G., who stated that the physical examination of B.G. showed no trauma to her genital area, but that B.G. told her that Simpson "touched me right here" and pointed to her genital area; and the testimony of Garon Foster, a forensic analyst, who stated that forensic testing of the biological material on a cutting from the boxer shorts that Simpson was wearing when arrested showed a mixture of Simpson's DNA and other DNA, and that B.G.'s DNA could not be excluded as the donor of the other DNA whereas 99.3% to 99.6% of the population could be excluded. *Id.* at *1.

On October 6, 2011, Simpson filed a post-conviction motion requesting that the DNA material found on his boxers be re-tested "through newer testing techniques that provide a reasonable likelihood of results more accurate and probative than the results of [the] previous test." *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2). Simpson asserted in his pro se motion that there is reason to doubt the accuracy of the previous DNA results because the DNA tests "failed to provide probative results." He cited Foster's testimony that he used the population of San Antonio in the testing, that there was a possibility of contamination, and that he is capable of

making mistakes. Simpson also asserted that it was "not proven" that the child was the donor of the DNA found on his boxer shorts, and that if the biological material had been adequately tested "to prove identity of the child" he would not have been prosecuted or convicted. Simpson attached an affidavit in support of the factual statements in his motion. *See id.* art. 64.01(a-1) (West Supp. 2012). The trial court denied the motion in a written order on January 27, 2012, without holding a hearing. The court found that Simpson failed to establish he was entitled to re-testing of the DNA material under article 64.01(b)(2) because: (i) he did not show that re-testing with newer techniques could be conducted that would exclude him as the perpetrator and prove his innocence; (ii) setting aside the DNA evidence, the child's testimony was alone sufficient to support Simpson's conviction of aggravated sexual assault; and (iii) identity was not, and is not, an issue in the case. Simpson now appeals the denial of his request for re-testing of the DNA material.

## ANALYSIS

We review a trial court's order denying a post-conviction motion for DNA testing under a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Under this standard, we afford almost total deference to the trial court's determination of issues of historical facts and application-of-law-to-fact issues that turn on credibility and demeanor, but review de novo other application-of-law-to-fact issues. *Rivera*, 89 S.W.3d at 59. The ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove the defendant's innocence is reviewed de novo. *Id.*

Several requirements must be met in order to obtain DNA testing under Chapter 64. TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2012). The convicting court may order forensic DNA testing only if the statutory preconditions are met. *Id.*; *Bell v. State*, 90 S.W.3d

301, 306 (Tex. Crim. App. 2002). One of those preconditions is that the defendant establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A). This means that the defendant has the burden to show that "a reasonable probability exists that exculpatory test results would prove his innocence." *Whitaker*, 160 S.W.3d at 8. Here, regardless of the DNA results, other evidence at trial established Simpson's guilt, particularly the child's testimony which alone was a sufficient basis for the jury's guilty verdict. *See Acevedo*, 2006 WL 3611379, at *2 (noting the jury chose to believe B.G.'s testimony that Simpson touched her with his hand under her clothes on her "private" and put his finger in her private part, and that such testimony is alone sufficient to support the conviction). Thus, despite the assertions in his motion and affidavit, Simpson has failed to meet his burden to show, by a preponderance of the evidence, that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A); *see also Whitaker*, 160 S.W.3d at 9.

In addition, Simpson has not shown that newer testing techniques exist that provide "a reasonable likelihood of results that are more accurate and probative" as required for re-testing of DNA material. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2) (stating the requirements for retesting); *see also Flores v. State*, No. 04-09-00457-CR, 2010 WL 1904993, at *3 (Tex. App.—San Antonio May 12, 2010, pet. ref'd) (mem. op., not designated for publication). A defendant must do more than simply move for testing of DNA evidence; he must provide facts in support of the motion. *Dinkins v. State*, 84 S.W.3d 639, 642–43 (Tex. Crim. App. 2002). Here, Simpson's bare allegations in his motion and affidavit fail to establish a reasonable likelihood that re-testing of the DNA material would provide more accurate or probative results. He also

does not actually contend that new, more reliable testing procedures are available. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2).

Accordingly, we conclude the trial court did not err in finding that Simpson failed to show he is entitled to re-testing of the DNA material, and we affirm the trial court's order.

Rebeca C. Martinez, Justice

DO NOT PUBLISH