

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00003-CR

CHARLES MARTIN                                                                     APPELLANT

V.

THE STATE OF TEXAS                                                                       STATE

----------

### FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 38,715-C

----------

## MEMORANDUM OPINION[1]

----------

## I.   INTRODUCTION

In a single point, Appellant Charles Martin argues that the trial court erred by denying his motion for post-conviction forensic DNA testing.  *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2014).   We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II.  BACKGROUND

After Martin's underage daughter had a child, Child Protective Services (CPS) contacted Martin and requested a DNA sample to test for paternity.  Martin complied and went to the Wichita Falls Police Department for testing.  He had samples taken of his fingerprints, blood, hair, and saliva.  Following the results of the DNA testing, Martin was charged with three counts of sexual assault of a child (counts I–III) and one count of aggravated sexual assault of a child (count IV).  Martin pleaded guilty to all counts, and the trial court sentenced him to 20 years' confinement for counts I–III and 30 years' confinement for count IV.

Martin was incarcerated in the Middleton Unit of the Texas Department of Criminal Justice (TDCJ).  After booking, he was informed that his fingerprints did not match those in his records from Wichita County, and he gave another set of fingerprints.  Concerned that the blood sample associated with his fingerprints had been switched with someone else's sample, he filed a motion for post-conviction DNA testing.

At the hearing on his motion, Martin's sole evidence was his testimony as to the fingerprint discrepancy.  He asserted that the discrepancy between the fingerprints on file with Wichita County and those taken at the Middleton Unit cast doubt on whether his DNA sample had actually been tested.[2]  Martin agreed at

---

[2]Although Martin asserted in his motion and supporting affidavit that he "[did] not recall having blood taken" for DNA testing, he admitted at the hearing that he did recall having blood taken for purposes of DNA testing.

the hearing to submit to a new fingerprint sample; he stated that if that sample matched those associated with his DNA sample, he would not have "any further argument." The State then had a crime scene tech and latent examiner take Martin's fingerprints; she testified that those new prints matched the fingerprints on the fingerprint card signed by Martin and associated with the DNA sample given by Martin. The CPS worker who took Martin to the hospital to have his DNA sample taken also testified for the State. She explained that she saw Martin give the DNA sample and have his fingerprints taken and saw the nurses seal the box containing the sample and his fingerprints. The trial court denied Martin's chapter 64 motion.

### III. LAW AND STANDARD OF REVIEW FOR CHAPTER 64 DNA TESTING

A chapter 64 motion for forensic DNA testing requests testing of biological material that

> was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but:
>
> (1)     was not previously subjected to DNA testing; or
>
> (2)     although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

*Id.* art. 64.01(b). A convicting court may order testing only if (1) the evidence "still exists and is in a condition making DNA testing possible," (2) the evidence "has been subjected to a chain of custody sufficient to establish that it has not been

3

substituted, tampered with, replaced, or altered in any material respect," and (3) "identity was or is an issue in the case." *Id.* art. 64.03(a)(1) (West Supp. 2014). To obtain the requested testing, the movant has the burden of showing by a preponderance of the evidence that he "would not have been convicted if exculpatory results had been obtained through DNA testing" and that "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence." *Id.* art. 64.03(a)(2).

When considering a challenge to a trial court's ruling on a motion for post-conviction DNA testing under chapter 64, we give almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Holberg v. State*, 425 S.W.3d 282, 284–85 (Tex. Crim. App. 2014) (citing *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)).

## IV.    NO ERROR IN DENYING APPELLANT'S MOTION

In his sole point, Martin argues that because the fingerprints given at his booking at TDCJ allegedly differed from the fingerprints in the county records, there is a question as to whether his DNA sample, which he gave in conjunction with fingerprint samples, was actually his. The only evidence presented to show that Martin's blood sample had not been tested was his testimony regarding the fingerprint discrepancy. Martin presented no evidence that the fingerprints associated with his DNA sample were the same fingerprints on file with Wichita

4

County that allegedly did not match those taken at TDCJ. And at the hearing, Martin submitted to a new fingerprint sample, which the State's fingerprint expert confirmed matched the fingerprints associated with the DNA sample given by Martin. Because there is no evidence that the sample tested was not that provided by Martin, he has not demonstrated that the State never tested the biological material. *See* Tex. Code Crim. Proc. Ann. art. 64.01(b)(1).

Martin also asserts on appeal that even if his blood sample was previously tested, more reliable and accurate methods of forensic DNA testing now exist. *See id.* art. 64.01(b)(2). At the hearing on his motion, Martin briefly testified that "if PCR testing was available," it would be "appropriate" to have his DNA sample tested with PCR testing rather than STR testing. This general and conclusory testimony is insufficient to show a reasonably likelihood that PCR testing would create a more accurate and probative result than STR testing. *See id.*; *Swearingen v. State*, 303 S.W.3d 728, 733–34 (Tex. Crim. App. 2010); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

Because Martin has failed to provide facts in support of his motion, we hold that the trial court did not err by denying his chapter 64 motion. Accordingly, we overrule Martin's sole point.

## V. CONCLUSION

Having overruled Martin's sole point, we affirm the trial court's judgment.

5

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT  and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 9, 2014