

IN THE
TENTH COURT OF APPEALS

_____

No. 10-15-00136-CR

MICHAEL SHAWN SADLER,

                                                          Appellant

 v.

THE STATE OF TEXAS,

                                                          Appellee

_____

From the 220th District Court
Bosque County, Texas
Trial Court No. 14104-A-BCCR

_____

MEMORANDUM OPINION

_____

Michael Shawn Sadler appeals from a judgment that denied his motion for post-conviction DNA testing. TEX. CODE CRIM. PROC. ANN. Ch. 64 (West Supp. 2014). Sadler complains that the trial court erred by denying his motion because newer technologies and techniques are available to analyze the items at issue and because he established a greater than fifty percent likelihood that he would not have been convicted had favorable results been obtained from the testing in question. Because we find no error, we affirm the judgment of the trial court.

Chapter 64 of the Code of Criminal Procedure establishes the procedures for a defendant to file a post-conviction motion for forensic DNA testing of biological material. The motion must be accompanied by an affidavit sworn to by the defendant that sets forth factual statements necessary to support the motion. Article 64.01 states that the motion may request testing of evidence that was in the State's possession at the time of trial and that was secured in relation to the offense of which the defendant was convicted. Further, as it relates to this proceeding, a defendant must show that the sample, "although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2). Sadler filed an affidavit in support of his motion that stated that the items in question were tested for DNA but no profile was generated. Sadler averred that newer methods of testing that are more accurate are available, but did not explain any further what those methods are and why they would be more accurate than the method used prior to his trial.

In its response to Sadler's motion, the State filed an affidavit by the DPS lab supervisor who had performed the initial DNA testing before Sadler's trial. The supervisor stated that testing was attempted on the items described in Sadler's motion but that there was insufficient DNA present to generate a DNA profile on those items. Further, the supervisor stated that he was familiar with the testing methods at the time

of Sadler's trial as well as the methods in use at the present time and there is no newer testing method that would reasonably result in more accurate results.

The trial court denied Sadler's motion without an oral or "live" hearing based on the motion and the State's response, including the affidavits attached to each. On appeal, Sadler argues that because of the passage of approximately eight years from the original testing to the date of the motion, newer techniques must be available that are more discriminating.

In reviewing a trial court's decision to deny a motion for post-conviction DNA testing, where the trial record and the affidavit of the appellant are the only sources of information supporting the motion, the trial court is in no better position than we are to make its decision, and we review the issues *de novo*. *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) (because trial court did not hold live hearing on request for DNA testing, reviewing court would conduct *de novo* review as trial court was in no better position to determine issues). Even if we assume that the items in question contained biological material, it was Sadler's burden to show that newer techniques are available that would reasonably result in more accurate results. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2); *Swearingen v. State*, 303 S.W.3d 728, 733-34 (Tex. Crim. App. 2010); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). Sadler did not expressly set forth a specific newer technique at all in his motion or affidavit. Because of this, he did not set forth statements of fact necessary to support his motion. TEX.

CODE CRIM. PROC. ANN. art. 64.01(a-1).  Based on our review of the record as presented to the trial court, we do not find that the trial court erred by denying Sadler's motion.

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed November 12, 2015
Do not publish
[CRPM]

