NUMBERS 13-05-474-CR & 13-05-475-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


TONY LEE BLACKLOCK, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 180th District Court of Harris County, Texas.


 


MEMORANDUM OPINION 



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez



 

 Appellant, Tony Lee Blacklock, appeals from a post-conviction denial of his motion
for DNA testing pursuant to article 64.01 of the Texas Code of Criminal Procedure. (1) We
affirm. 

Background


 A jury convicted appellant of aggravated sexual assault and aggravated robbery on 
May 9, 1995, and sentenced him to life imprisonment in each cause. (2) Appellant appealed,
and the Eleventh Court of Appeals affirmed the judgments in Tony Lee Blacklock v. State,
Nos. 11-95-273-CR and 11-95-274-CR (Tex. App.-Eastland May 16, 1996, no pet.) (not
designated for publication). 

 On February 4, 2002, appellant filed a pro se motion for post-conviction DNA
testing. (3) On May 20, 2005, counsel for appellant filed a second motion for DNA testing. (4) 
 On April 17, 2005, the State filed a motion requesting that the court deny DNA
testing. (5) The State argued that appellant was not entitled to DNA testing because he had
not shown that identity was or is an issue. (6) The State argued identity was not an issue
because as noted by the court of appeals, the victim identified appellant as the man who 
threatened her, robbed her, and sexually assaulted her. (7) The victim also testified that she
knew appellant because they had mutual friends and appellant had been to her
apartment. (8) 

 On May 23, 2005, the trial court denied DNA testing and issued findings of fact,
which included the following:

6. The Court finds, based on the appellate record and the Court of Appeals'
opinion in the instant case that the applicant fails to show that identity was
or is an issue in this case. (citation omitted).


7. The Court finds, based on the appellate record and the Court of Appeals'
opinion, that applicant has not established by a preponderance of the
evidence that applicant would not have been convicted if exculpatory results
had been obtained through DNA testing.


8. The Court, based on the applicant's failure to meet the requirements of
Tex. Code Crim. Proc. art. 64.03(a)(1)(B) and (a)(2)(A), finds in the negative
the issues listed in 64.03(a)(1) and (a)(2)(A).


Standard of Review and Applicable Law



 In an appeal of a post-conviction proceeding under chapter 64, we apply a
bifurcated standard of review. (9) We afford almost total deference to the convicting court's
determination of issues of historical fact and application-of-law-to-fact issues that turn on
credibility and demeanor, while we review de novo other application-of-law-to-fact issues. (10) 
The ultimate question of whether a reasonable probability exists that exculpatory DNA tests
would prove innocence is an application-of-law-to-fact question that does not turn on
credibility and demeanor and is therefore reviewed de novo. (11)

 Article 64.01 provides:

 

(a) A convicted person may submit to the convicting court a motion for
forensic DNA testing of evidence containing biological material. The motion
must be accompanied by an affidavit, sworn to by the convicted person,
containing statements of fact in support of the motion.

 

(b) The motion may request forensic DNA testing only of evidence described
by Subsection (a) that was secured in relation to the offense that is the basis
of the challenged conviction and was in the possession of the state during
the trial of the offense, but:


(1) was not previously subjected to DNA testing:


(A) because DNA testing was:


(i) not available; or

 

(ii) available, but not technologically capable of providing probative results;
or

 

(B) through no fault of the convicted person, for reasons that are of a nature
such that the interests of justice require DNA testing; or

 

(2) although previously subjected to DNA testing, can be subjected to testing
with newer techniques that provide a reasonable likelihood of results that are
more accurate and probative than the results of the previous test.

 

(c) A convicted person is entitled to counsel during a proceeding under this
chapter. If a convicted person informs the convicting court that the person
wishes to submit a motion under this chapter and if the court determines that
the person is indigent, the court shall appoint counsel for the person.
Compensation of counsel is provided in the same manner as is required by:


(1) Article 11.071 for the representation of a petitioner convicted of a capital
felony; and

 

(2) Chapter 26 for the representation in a habeas corpus hearing of an
indigent defendant convicted of a felony other than a capital felony. (12) 


Article 64.03 provides:

 

(a) A convicting court may order forensic DNA testing under this chapter only
if:


(1) the court finds that:


(A) the evidence:


(i) still exists and is in a condition making DNA testing possible; and

 

(ii) has been subjected to a chain of custody sufficient to establish that it has
not been substituted, tampered with, replaced, or altered in any material
respect; and

 

(B) identity was or is an issue in the case; and

 

(2) the convicted person establishes by a preponderance of the evidence
that:


(A) a reasonable probability exists that the person would not have been
prosecuted or convicted if exculpatory results had been obtained through
DNA testing; and

 

(B) the request for the proposed DNA testing is not made to unreasonably
delay the execution of sentence or administration of justice. (13)


Analysis



 Here, the trial court found appellant failed to establish that (1) identity was or
is an issue and (2) he would not have been convicted if exculpatory results had
been obtained through DNA testing. We agree. 

 Appellant argues that his identity was made an issue when he raised it in his
sworn affidavit by "alleg[ing] that the biological evidence could have exonerated him
but that the results were inconclusive." However, appellant failed to allege that
identity was or is an issue in either of his two motions for testing or accompanying
factual assertions. The victim testified that she knew appellant and that he had
robbed and sexually assaulted her. Because appellant failed to provide facts in
support of his motion, we cannot say that the convicting court erred in finding
appellant failed to show that identity was or is an issue, as required by article
64.03. (14)

 Similarly, we conclude appellant failed to establish by a preponderance of the
evidence that he would not have been convicted if exculpatory results had been
obtained through DNA testing. (15) By failing to provide facts in support of his motion,
appellant failed to meet the requirements of article 64.03. (16)

 In support of his argument that the trial court erred in denying his motion for
DNA testing, appellant relies on Smith v. State, 165 S.W.3d 361, 365 (Tex. Crim. 
App. 2005). In Smith, the court of criminal appeals held that an appellant's claim
of actual innocence asserted in his pro se motion and affidavit was the equivalent
of asserting that he would not have been convicted if favorable DNA results had
been obtained. (17) Smith's chapter 64 motion was accompanied by an affidavit, in
which he swore he was not guilty of the offense for which he was convicted and that
the State had evidence which would establish his innocence. (18) 

 We find Smith distinguishable. In the present case, appellant has asserted
neither his innocence nor that the State has evidence that will establish his
innocence. 

Conclusion


 We conclude that because appellant failed to present specific factual
allegations in support of the required finding that identity was an issue, (19) the trial
court did not err in denying appellant's motion for DNA testing. We overrule
appellant's sole issue and affirm the trial court's denial of his motion. 



 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 17th day of August, 2006.

1. See Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2005).
2. The trial court "stacked" the two life sentences. 
3. Appellant's pro se motion asserted, in pertinent part:


Defendant alleges that the prosecution was in possession of biological material during the
trial but for reasons unknown, did not take into consideration the admission of such evidence
to exonerate him from the charges. Defendant request [sic] that either the courts please take
into consideration the fact that the D.N.A. test was inconclusive or that the courts by the
same article subject him to a "newer" or more accurate test to determine his guilt or
innocence. 


 In an affidavit, attached to the motion, appellant states, in pertinent part, that "[p]rior to going
before a jury trial, appellant Tony Lee Blacklock was "propositioned" by his attorney and the district
attorney that the aggravated sexual assault charges would be dismissed due to the insufficiency of
biological material i.e.. . . 'inclonclusive' evidence."
4. Appellant's second motion asserts, in pertinent part:


Had the biological evidence been subjected to proper DNA testing capable of determining
the identity of the donor of the semen, as defendant believes is possible today, and such
results excluded the defendant as a donor, it is reasonably probable that the defendant would
not have been prosecuted or convicted. 


The second motion was accompanied by sworn factual allegations, in which appellant stated:


Although I have agreed to such testing, I do not have any personal knowledge of the items
to be tested such as pants, assorted bed linens, etc..[sic] I cannot recall these items being
presented during trial and the record clearly reflects that I was "denied" any and all rights to
an appeal. I was also denied any and all court documents to assist me in the filing of this
appeal.

 The only item that the State tested was one pair of panties that had very small
amounts of semen. Amounts so small that it rendered the test results inconclusive.
5. See Tex. Code Crim. Proc. Ann. art. 64.02 (Vernon Supp. 2005). 
6. See id. art. 64.03(a)(1)(B).
7. See Tony Lee Blacklock v. State, Nos. 11-95-273-CR and 11-95-274-CR, slip op. 2 (Tex.
App.-Eastland May 16, 1996, no pet.) (not designated for publication). We also note that the court of appeals'
opinion states that at trial, "[t]he chemist then testified that there was an insufficient amount of sperm to
identify the DNA present." Id. at 6. We further note that the Eleventh Court of Appeals reviewed appellant's
appeal as an Anders case, see Anders v. California, 386 U.S. 738, 744 (1967), and concluded that appellant's
appeal was without merit. Blacklock, Nos. 11-95-273-CR and 11-95-274-CR, slip op. 6. 
8. Id. at 3. 
9. See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997)).
10. Id.
11. Id. 
12. Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2005).
13. Id. art. 64.03. 
14. Id.; see Dinkins v. State, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).
15. We note that the record contains a July 2, 2003 letter to appellant's counsel from the Assistant
District Attorney of Harris County stating that "the Houston Police Department Crime Laboratory conducted
DNA testing of evidence in the above-styled cases; however, no conclusion could be drawn from the testing."
16. Tex. Code Crim. Proc. Ann. art. 64.03; Dinkins, 84 S.W.3d at 642. 
17. Smith v. State, 165 S.W.3d 361, 365 (Tex. Crim. App. 2005). 
18. Id. at 362. 
19. See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B).