Affirmed and Memorandum Opinion filed April 1, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01060-CR

___________________

 

Marcus Leroy Scott, Appellant

 

V.

 

The State of texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris County,
Texas



Trial Court Cause No. 726638

 



 

 

MEMORANDUM OPINION

Appellant,
Marcus Leroy Scott, was convicted of capital murder in 1996 and given a life
sentence.  We affirmed that conviction in a prior unpublished opinion.  Scott
v. State, No. 14-96-01540-CR, 1999 WL 351173 (Tex. App.—Houston [14th
Dist.] June 3, 1999, no pet.).  In a single issue in the present appeal, appellant
contends that the trial court erred in denying his post-conviction motion for DNA
testing under Chapter 64 of the Texas Code of Criminal Procedure.  We affirm.

Chapter 64

Article 64.01 of the Code of Criminal Procedure permits
a convicted individual to file a motion seeking DNA testing of evidence
containing biological material.  Tex. Code Crim. Pro. § 64.01(a).  The motion
must be accompanied by an affidavit by the individual, containing statements of
fact in support of the motion.  Id.  The motion may request testing only
of evidence that was not previously subjected to DNA testing either (1) because
DNA testing was not available or was technologically incapable of providing
probative results, or (2) through no fault of the individual.  Id. at
64.01(b).  Article 64.02 provides for a response to the motion by the State.  Id.
at 64.02(a).  Under article 64.03, a trial court may order DNA testing only if
the court finds that (1) the evidence to be tested still exists and is in a
condition making testing possible; (2) the evidence has been subjected to a reliable
chain of custody; and (3) identity was or is an issue in the case.  Id.
at 64.03(a).  Additionally, in order to be entitled to forensic DNA testing,
the convicted individual must establish by a preponderance of the evidence that
(1) he or she would not have been convicted if exculpatory results had been
obtained, and (2) the request for testing was not made to unreasonably delay
execution of the sentence.  Id.  In reviewing the trial court=s denial of post-conviction
DNA testing, we afford almost total deference to the court=s determination of
historical fact and application‑of‑law‑to‑fact issues
that turn on credibility and demeanor, while we review de novo other application‑of‑law‑to‑fact
issues.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Discussion

The parties are familiar with the facts of the
underlying case, and we see no reason to recount them here.[1]  Among other
arguments, the State contends that appellant failed to identify existing evidence
containing biological material not previously subjected to DNA testing, either
because such testing was not available or through no fault of appellant.[2]  See Tex.
Code Crim. Pro. § 64.01(b).  In his motion, appellant asserted that there
existed evidence containing biological material not previously subjected to DNA
testing through no fault of appellant.  The motion, however, simply parrots the
requirements of the statute on this issue and does not point to any specific evidence
to substantiate the claims made that biological material was not tested through
no fault of appellant.  An individual requesting post-conviction DNA testing
must provide evidence demonstrating that the evidence containing biological
material was not previously tested.  Dinkins v. State, 84 S.W.3d 639,
642 (Tex. Crim. App. 2002).  Likewise, an individual who claims to have not
been at fault for the failure to previously test must actually demonstrate such
absence of fault.  Routier v. State, 273 S.W.3d 241, 247 (Tex. Crim.
App. 2008).

The only evidence appellant presented in support of
his motion was his own statement.  In this statement, appellant asserts:  “I
believe that . . . had I been given a DNA test the day of my trial, after the
results returned negative, I would’ve been released.”  While the statement
could be read generously as indicating that no prior testing occurred, there is
no indication in the statement that appellant was not at fault for any such
failure to test.  Furthermore, the affidavits filed by the state also provide
no indication as to whether any failure to test was or was not due to
appellant’s fault.  Consequently, appellant failed to meet his burden under
Chapter 64.  See Routier, 273 S.W.3d at 247.  Appellant’s sole issue is
overruled.

We affirm the trial court’s order denying the motion
for post-conviction DNA testing.     

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges, Justice Anderson, and Senior Justice Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] A recitation of the facts
can be found in our prior opinion.  See Scott, 1999 WL 351173, at *1.





[2] Although the trial court
apparently did not explicitly base its decision to deny DNA testing on this
requirement, we may affirm on this basis as a trial court’s decision on a case
must be sustained if it is correct under any theory of law applicable to the
case.  See State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).





*
Senior Justice Margaret Garner Mirabal sitting by assignment.