Opinion issued November
4, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00726-CR

———————————

LUIS ENRIQUE GARCIA, Appellant

V.

THE STATE OF
TEXAS, Appellee



 



 

On Appeal from the 228th District
Court 

Harris County, Texas

Trial Court Case No. 960740



 



 

 

MEMORANDUM OPINION

          Appellant, Luis Enrique Garcia, appeals the convicting
court’s denial of his motion for post-conviction DNA testing.  In two issues, appellant asserts that DNA
testing would show his “actual innocence.”

          We
affirm.

Background

          In 2003, appellant was charged with
the aggravated sexual assault of H.G. 
The probable cause affidavit stated that 12-year-old H.G. reported she
had been “dating” and “having sex” with 30-year-old appellant “from May 2003
until June 6, 2003.”  On March 16, 2004,
appellant pleaded guilty to the charged offense.  The trial court found appellant guilty and,
pursuant to the State’s punishment recommendation, sentenced appellant to 10
years in prison.  Because it was a
plea-bargain case, the trial court’s certification indicates that appellant had
no right of appeal.  

          Also
on March 16, 2004, the State filed a document entitled, “Notice of Intent to
Destroy Evidence.”  The notice indicated
that the State intended to destroy “any and all evidence” in its possession
after 91 days.  The notice indicated that
it had been sent to appellant and to his counsel.

          On
October 7, 2004, the district attorney’s office sent a letter to appellant with
the heading “Notice.”  The letter
provided, in relevant part,

The
investigation in this matter included a child sexual assault examination done
initially by Nurse C.M. Ellen Taft.  This
exam has been peer reviewed by the University of Texas Medical School
physicians assigned to the Children’s Assessment Center medical clinic.  

 

          This notice is to further inform you
that a number of exams performed by Nurse Taft in other cases have been peer
reviewed by the UT Medical School physicians. 
In a few of these cases, the opinion of the reviewing physician(s) is
different than that of Nurse Taft. 

 

          On
June 23, 2008, appellant filed his “Pro Se Motion for Post-Conviction DNA
Testing with Motion for Appointment of Counsel and Brief in Support.”  In the motion, appellant stated that, on
April 3, 2007, he had filed a “‘Request for Appointment of Counsel, Pursuant to
Chapter 64,’ to assist him in obtaining an order for DNA testing.”  Appellant stated that he was notified on
April 18, 2007 that the request was denied. 


          Appellant
also averred in his motion for DNA testing that he had filed “his state writ of
habeas corpus article 11.07.”  He
described that, in the habeas corpus proceeding, his “only ground for review
[was]: ‘Actual Innocence Newly Discovered Evidence That Questions the Evidentiary
Support of the Indictment.”  Appellant
stated that the Court of Criminal Appeals had denied his application for
post-conviction writ of habeas corpus on October 17, 2007.  

          Appellant
further asserted that the “newly discovered evidence,” which he referenced, was
the October 6, 2004 notice letter from the district attorney’s office regarding
the examination performed by Nurse Taft. 
Appellant also averred that “corruption plague[s] the Harris County
labs” and police departments.  Appellant
also referenced publicized scandals regarding the district attorney’s
office.  Appellant alleged that these
matters have “caused a doubt of justice.” 


          In
addition, appellant asserted that he had pleaded guilty “feeling compelled by
his counsel under threat that he would get more time.”  Appellant stated that he told his trial
counsel that the complainant had reason to fabricate the allegations against
him.  Appellant averred that he had
always maintained his “actual innocence.”

          Appellant
supported his motion for DNA testing with his unsworn declaration in which he
attested,

My
counsel compelled me to sign 10 years plea or I would get more than 40
years.  March 10 I filed my Motion to
dismiss Court Appoint[ed] Attorney and Appointment [of] New Counsel to Act on
Behalf of Defendant. . . .[1]


 

I
Luis E. Garcia till the last moment told my attorney to give me the opportunity
to send the DNA testing to a private laboratory and he (atty) never facilitated
me the access to the DNA for I never lost my claim of telling my attorney I was
innocent.  My attorney to the last minute
advise[d] me to plea[d] guilty for 10 years because if I didn’t sign[] the 10
years I would be sentenced to 40 years, that is why I pled guilty on his advice.

 

          Appellant
also attached the notice letter from the district attorney’s office regarding
Nurse Taft’s examinations. 

          The
convicting court denied appellant’s “Pro Se Motion for Post-Conviction DNA
Testing with Motion For Appointment of Counsel and Brief in Support.”  The record does not reflect that the
convicting court conducted a hearing on the motion.  The record also does not reflect that the convicting
court filed findings of fact and conclusions of law in support of its
ruling.  

          Appellant
appeals the convicting court’s denial of his request for DNA testing. 

Post-Conviction
DNA Testing

          Appellant
asserts two issues in the “Issues Presented” portion of his pro se brief.  Appellant states these issues as follows: (1)
“Actual Innocence and Factual Innocence Of Inconclusive ‘DNA’ Testing” and (2)
“Appellant Has Always Affirmed His Actual Factual Innocence to Attorney &
The Courts.”

          We
review a convicting court’s decision to deny a motion for post-conviction DNA
testing under a bifurcated standard of review. 
See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App.
2002).  We afford almost total deference
to the convicting court’s determination of issues of historical fact and the
application of law to the fact issues that turn on an evaluation of credibility
and demeanor.  See id.  But when, as here, the clerk’s record and
affidavit of appellant are the only sources of information supporting the
motion, the convicting court is in no better position than we are to make its
decision, and we review the issues de novo. 
See Smith v. State, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005).  

          An
appellant bears the burden of satisfying the Chapter 64 requirements.  Wilson v. State, 185 S.W.3d 481, 484
(Tex. Crim. App. 2006).  Chapter 64 of
the Code of Criminal Procedure governs post-conviction requests for DNA
testing.  Pursuant to article 64.01, a
defendant may request the convicting court to permit forensic DNA testing of
evidence containing biological material that was in the State’s possession
during convicting, if that evidence: (1) was not previously subject to DNA
testing because DNA testing was not available; (2) was not previously subjected
to DNA testing because DNA testing was available but not technologically
capable of providing probative results; (3) was not previously subjected to DNA
testing, through no fault of the convicted person, for reasons that are of a
nature such that the interests of justice require DNA testing; or (4) was
previously subjected to DNA testing, but can be subjected to testing with newer
testing techniques that provide a reasonable likelihood of results that are
more accurate and probative than the results of the previous test.  See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2010).  

          The
Court of Criminal Appeals has explained that, “[u]nder Article 64.03, a
defendant is not entitled to DNA testing unless he first shows that unaltered
evidence is available for testing; that identity was an issue in the case; that
there is greater than a 50% chance that he would not have been convicted if DNA
testing provided exculpatory results; and that the request is not to delay the
execution of the sentence.”  Prible v.
State, 245 S.W.3d 466, 467–68 (Tex. Crim. App. 2008).  A convicting court can only order forensic
DNA testing if the statutory requirements are met.  See Bell v. State, 90 S.W.3d 301, 306
(Tex. Crim. App. 2002).

          Here,
we construe appellant’s assertion of “actual innocence” as a claim that there
is at least a 51% chance that he would not have been convicted.  See Smith, 165 S.W.3d at 364.  Appellant’s motion also indicated that
identity was at issue.  

          Appellant’s
motion failed, however, to address other statutory requirements.  Specifically, appellant’s motion for DNA
testing did not identify “any evidence containing biological material.”  See Tex.
Code Crim. Proc. Ann. art. 64.01. It is unclear from his motion what
evidence appellant seeks to be tested, or whether evidence still exists subject
to testing.  See Tex. Code Crim. Proc. Ann. art. 64.03
(Vernon Supp. 2010). 

          Nor
does appellant’s motion indicate whether DNA testing occurred in the trial
court.[2]
 See Tex. Code Crim. Proc. Ann. art. 64.01. Appellant’s unsworn
declaration states only that he asked his attorney “to send the DNA testing to
a private laboratory” and that his attorney “never facilitated me [sic] the
access to the DNA.”  

          Appellant’s
motion for DNA testing appears to arise from the district attorney’s notice
letter regarding the examination of the complainant, H.G., performed by Nurse
Taft.  The notice letter does not provide
the necessary support for appellant’s request for DNA testing.  The letter did not indicate that DNA evidence
was collected during Nurse Taft’s examination of H.G.  Nor did the letter indicate that Nurse Taft’s
examination of H.G. was incorrectly performed. 
The letter simply stated that the “exam has been peer reviewed by the
University of Texas Medical School physicians assigned to the Children’s
Assessment Center medical clinic” and informed appellant that “a number of
exams performed by Nurse Taft in other cases have been peer reviewed by the UT
Medical School physicians.  In a few of
these cases, the opinion of the reviewing physician(s) is different than that
of Nurse Taft.”  The letter does not
indicate that any discrepancies with Nurse Taft’s examinations pertained to DNA
evidence or DNA testing. 

          In
sum, appellant’s motion failed to satisfy the statutory requirements and was
properly denied by the convicting court. 
See Dinkins v. State, 84 S.W.3d 639, 642 (Tex. Crim. App.
2002).  Appellant cannot prevail on his
two appellate issues asserting “actual innocence.”  

          Any
complaint by appellant asserting that the convicting court erred in denying his
motion for appointment of counsel for his DNA testing claim is also without
merit.  Before it must appoint counsel, a
convicting court must find that “reasonable grounds” exist for the filing of a
motion for DNA testing.  See Gutierrez v. State, 307 S.W.3d 318,
321 (Tex. Crim. App. 2010) (explaining that appointment of counsel in post-conviction
DNA proceeding determined by three criteria: (1) defendant must inform convicting
court that he or she wishes to submit a motion for DNA testing; (2) convicting court
must find that “reasonable grounds” exist for filing of a motion; and (3)
convicting court must find that convicted person is indigent).  

          Appellant’s
request for DNA testing arises from the notice letter regarding Nurse
Taft.  As discussed, the letter does not
serve as a proper basis for an order for DNA testing.  The convicting court could have concluded
that no reasonable grounds existed for filing a motion.  Accordingly, appellant has not shown that the
convicting court erred when it denied his request for appointment of counsel.  See Tex. Code Crim. Proc. Ann. art.
64.01(c).

          We
overrule appellant’s first and second issues.

Conclusion

          We
affirm the convicting court’s order denying appellant’s request for DNA testing
and appointment of counsel.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   Tex. R.
App. P. 47.2(b).











[1]           There
is no indication whether the trial court ruled on the motion for new counsel.





[2]           Appellant
indicates for the first time in his appellate brief that DNA testing occurred
in the trial court, though it is unclear what was tested.