THOMAS G. PATRICK AND ROBERT A. PATRICK *v.* T. G.
GOOLSBY.*

(*Nashville*. December Term, 1928.)

Opinion filed December 22, 1928.

*Corpus Juris-Cyc References: Adverse Possession, 2CJ, section 526,
p. 243, n. 3.

GILES L. EVANS, for Patrick, appellant.

LAMB & LAMB, for Goolsby, appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is an ejectment suit involving title to a ninety-two-acre tract of land.

The Chancellor held that the defendant had perfected his title to the tract by adverse possession, and dismissed the bill. The Court of Appeals reversed the Chancellor, except as to six or seven acres, which it held that the defendant had perfected his title to by actual enclosure for the statutory period.

About 1906 one of the defendant's predecessors in title enclosed about five acres of this tract and used it for a pasture. In the spring of 1909 his successor in title enlarged the enclosure to about seven acres, and this enclosure was maintained until 1917. In 1913 a dwelling and barn were erected on the tract, near this enclosure, and from time to time portions of the land was cleared and cultivated.

The bill was filed July 29, 1919, less than seven years after the improvements were made, with the exception of the enclosure mentioned above.

Counsel for complainants refer to this enclosure as being a woodland, but the evidence shows this to have been a clearing; also that a building formerly stood in the vicinity of this clearing.

Evidently the defendant and his predecessors in title were attempting to establish title to this tract by maintaining a possession thereon, and while the evidence of adverse possession is meager, in view of the concurrent finding of the other courts, we are unable to say that there is no evidence to support their conclusions as to this.

The defendant also filed a petition for writ of *certiorari,* insisting that he should have a decree for the entire ninety-two acres.

The cause, as presented, is this: Complainants have a superior record title to a 5000-acre tract; they established possessions on this tract in 1890, which they have maintained continuously to the present time. Defendant, with an inferior record title to ninety-two acres within the $5000-acre tract, established a possession thereon in 1906, which he maintained for the statutory period. Neither of the possessions of complainants were on the ninety-two-acre tract.

The substance of the holding in *Allis* v. *Hunt,* 155 Tenn., 164, relied upon by complainants, is thus stated in the opinion, to-wit:

"But whatever may be this rule of property in other jurisdictions, and while we find no Tennessee decision dealing with this exact situation, we are convinced that under our particular statutes and decisions, when A, having good title defining his boundaries to a larger tract of land, without an actual or occupancy possession thereon, B enters thereon under good color of title to a smaller tract lying within A's boundaries, and establishes an actual possession or occupancy within the boundaries of his smaller tract, that B's possession *to the extent of his boundaries* is of that exceptional constructive character which is effective to put in operation the running of our seven-year statute; and, further, that the subsequent location by A of actual possessions on his larger tract, but *outside of the boundaries of B*—the disputed area—will not reconfer by construction the possession of A, within the boundaries of B, nor suspend the running of the adverse possession statutes."

*(1)* The instant cause presents the converse of that situation. The owners of the superior title to the larger tract being in actual possession of certain parts thereof, and constructive possession of the remainder, the defendant, with an inferior title to the smaller tract, establishes an actual possession of seven acres thereon. As to the remaining eighty-five acres he (defendant) has at most only a constructive possession, which is neutralized by complainants' constructive possession of the same land. It follows that since complainants have the superior record title to this eighty-five acres they must prevail.

In *Allis* v. *Hunt, supra,* the opinion referred approvingly to *Stull* v. *Rich Patch Iron Co.,* 92 Va., 253. In that case it was expressly stated that when the junior claimant entered upon the land the claimant of the larger tract, holding the senior title, was not in actual possession of any part of his tract.

Counsel for the defendant relies upon *Kittel* v. *Steger,* 121 Tenn., 400. That case holds substantially what was held in *Allis* v. *Hunt, supra.* The owner of the larger tract had the superior record title. The owner of the smaller tract established a possession on his tract, which he maintained for seven years, and thereby perfected his title to the extent of the boundaries called for in his deed. But it does not appear in that case, as it does in the instant cause, that the owner of the larger tract was maintaining actual possession thereon at the time the owner of the smaller tract established his possession. That fact distinguishes the two cases.

Both writs denied.