**Affirmed and Memorandum Opinion filed November 19, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00513-CR

**PEDRO REYES TREJO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 04-06-11756**

## M E M O R A N D U M   O P I N I O N

Appellant Pedro Reyes Trejo appeals the trial court's order denying his motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. We affirm.

### BACKGROUND

On July 24, 2009, Trejo was convicted by a jury of the offense of aggravated sexual assault of a child under the age of fourteen and sentenced to sixteen years'

imprisonment. This court affirmed the judgment in *Trejo v. State*, No. 14-09-00754-CR, 2011 WL 3503316 (Tex. App.—Houston [14th Dist.] Aug. 11, 2011, no pet.) (mem. op., not designated for publication). The background facts, as previously detailed by this Court, are as follows:

> Appellant's sister and her family lived in a mobile home on a portion of appellant's property. The complainant is appellant's niece, P.R. P.R. told her mother that appellant sexually assaulted her in the mobile home on five occasions in 2004. P.R. was 12 years old when the assaults occurred.
>
> P.R. testified at trial that appellant told her she would "disappear" if she told anyone about the sexual assaults. However, she informed her mother of the sexual assaults after both learned that P.R. had been pregnant and suffered a miscarriage. Identigene Laboratory Director Laura Gahn testified that appellant could not be excluded as a contributor of the DNA profile taken from the fetal tissue recovered from the miscarriage, and that "[t]he probability that [appellant] is the biological father compared to some unrelated random person in the population . . . was calculated to be 99.9642 percent."

*Id.* at *1. The jury found Trejo guilty of aggravated sexual assault as alleged in the indictment and the trial court sentenced him to sixteen years in prison. *Id.* at *2.

On November 11, 2013, Trejo filed a pro se motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. The trial court denied this and a subsequent motion for DNA testing, the latter motion forming the basis of this appeal.[1] The trial court did not conduct a hearing or issue findings of fact with regard to either motion.

---

[1] While the record is not entirely clear, it appears that the trial court interpreted Trejo's pro se "Motion for Notice of Appeal" file-stamped May 19, 2014 as a second motion for post-conviction DNA testing. The court's order, dated May 23, 2014, notes: "Defendant filed his second *pro se* Motion for Post Conviction DNA Testing on May 19, 2014."

2

Generally, we review a trial court's decision to deny a motion for post-conviction DNA testing under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application of law to fact that turn on credibility and demeanor of witnesses. *Id.* We review de novo the trial court's application of the law to fact issues that do not turn on the credibility and demeanor of witnesses. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). Where, as here, the trial court did not hold a hearing on the motion for DNA testing, we review the court's denial of that motion de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) (explaining that because trial court did not hold live hearing on request for DNA testing, reviewing court would conduct de novo review as trial court was in no better position to determine issues).

Texas Code of Criminal Procedure Article 64.01 governs a convicted person's request for post-conviction DNA testing:

> (a-1) A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.
>
> (b) The motion may request forensic DNA testing only of evidence described by Subsection (a-1) that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but:
>
> > (1) was not previously subjected to DNA testing; or
> >
> > (2) although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

Act of September 1, 2011, 82d Leg., R.S., ch. 278, § 5, sec. 64.01, 2011 Tex. Sess. Law. Serv. 882, 884; Act of September 1, 2011, 82d Leg., R.S., ch. 366, § 1, sec. 64.01, 2011 Tex. Sess. Law. Serv. 1015, 1015 (West) (amended 2015) (current version at Tex. Code Crim. Proc. § 64.01).[2]

To be entitled to post-conviction DNA testing under Chapter 64, a convicted person must establish that (1) evidence exists in a condition making DNA testing possible; (2) the evidence has been subjected to a sufficient chain of custody to establish its integrity; (3) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (4) identity was or is an issue in the case; (5) he would not have been convicted if exculpatory results had been obtained through DNA testing; and (6) the request for DNA testing is not made to unreasonably delay the execution of his sentence or interfere with the administration of justice. Tex. Code Crim. Proc. 64.03(a). To satisfy these requirements, the appellant's motion must be accompanied by an affidavit containing facts in support of the motion; it is not enough to merely allege that the requirements have been met. Tex. Code Crim. Proc. art. 64.01(a-1); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

Trejo's short, handwritten affidavit[3] states the following:

The Applicant Pedro Reyes Trejo, Pro Se files this motion for post-conviction DNA testing, requesting that DNA tests be performed on newly evidence in this instant case, that may contain biological material secured in relation to the offense of the challenged conviction. At issue in this conviction is the identity and the unidentified of the biological material (and assailant [if applicable]) contained in the evidence and that there are newer techniques and

---

[2] The 2015 amendment to article 64.01 applies to motions filed on or after September 1, 2015, and is inapplicable here. All subsequent citations will be to the statute in effect at the time appellant's motion was filed.

[3] The affidavit is presented verbatim, including typographical and grammatical errors.

technologies not available at the time of conviction which would provide a reasonable likelihood of results that are accurate and probative and would demonstrate applicant's actual innocence. Applicant alleges that the evidence was, and still is in the States possession during the trial and after trial. Applicant also alleges that a reasonable probability existed and exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through the first DNA testing. He alleges that this request for testing is not made so as to delay execution of sentence (which has already begun and not halted) or the administration of justice.

Rather than providing facts in support of his motion, Trejo's affidavit simply restates the statutory requirements of Chapter 64. First, Trejo does not clearly specify what evidence he seeks to have retested.[4] Even assuming that Trejo is asking that the fetal material be tested again, his affidavit does not establish that this evidence still exists or that it was subjected to a sufficient chain of custody. *See* Tex. Code Crim. Proc. art. 64.03(a). Finally, Trejo does not allege facts to support his contention that newer techniques are available, and he does not explain how a second test would "provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test" as required by Article 64.01(b)(2).

Trejo argues that his case is most like *Smith*. In that case, the court reversed the denial of the appellant's motion for post-conviction DNA testing after finding that his affidavit provided sufficient facts to show that there was "at least a 51% chance that he would not have been convicted" if the DNA results were favorable.

---

[4] The only mention in Trejo's brief of the evidence to be retested is the following sentence: "Additionally Appellant meets the criteria for retesting the biological material in the state's affidavit, i.e. the fetal material, expelled from the victim's body when she miscarried and the [bed] comforter." Trejo is attempting to refer to the State's response to his motion for post-conviction DNA testing, in which the State noted that prior DNA testing of those two items identified Trejo. The State was not suggesting that these were the items requested to be tested; even so, Trejo cannot rely on the State to make his arguments.

5

*Smith*, 165 S.W.3d at 365. The court rejected the lower court's determination that the affidavit failed to establish by a preponderance of the evidence that exculpatory DNA tests would prove the appellant's innocence. *Id.* at 363–64. In so holding, the Court of Criminal Appeals focused on the fact that the trial court had taken judicial notice of the trial record, which contained evidence that DNA testing could in fact exculpate the appellant. *Id.* at 364–65.

Trejo claims that his affidavit and motion are "even more extensive" than those in *Smith*. We disagree. As a threshold matter, convicted persons must show that there is "evidence containing biological material" to be tested. *Routier v. State*, 273 S.W.3d 241, 250 (Tex. Crim. App. 2008). However, neither Trejo's motion nor his brief specifies exactly what evidence he seeks to have retested. Additionally, we conclude that *Smith* is distinguishable because the defendant in that case sought DNA testing for the first time, whereas Trejo asks to have evidence tested again.[5] Article 64.01(b)(2) requires that applicants show that further DNA testing would "provide a reasonable likelihood of results that are more accurate and probative than the results of the previous tests." The defendant in *Smith* did not have to meet this standard. Trejo, however, was required to make such a showing, but failed to do so.

We conclude that the present case is more similar to *Swearingen v. State*, 303 S.W.3d 728 (Tex. Crim. App. 2010). In *Swearingen*, the appellant sought post-conviction DNA testing of multiple pieces of evidence, including blood found under the victim's fingernails that had been tested previously. *Id.* at 730. After explaining the burden that must be met in order to have biological evidence

---

[5] Trejo's affidavit asks that "DNA tests be performed on newly [sic] evidence." Although this might imply that he seeks to have some new evidence subjected to DNA testing, Trejo's brief concedes that *Smith* is distinguishable because "the appellant is requesting of [sic] previously tested materials by newer techniques and technologies."

retested, the Court of Criminal Appeals affirmed the trial court's denial of DNA testing. *Id.* at 735. The court found that the appellant did not satisfy this burden, noting the following:

> . . . [O]n the facts of this case, appellant has not shown a reasonable likelihood that results would be more accurate or probative. [A] DPS criminalist . . . testified that she was able to obtain a full DNA profile from the blood found under the fingernail scrapings. Because prior DNA testing has already resulted in a successful male DNA profile being entered into the Combined DNA Index System ("CODIS"), we find additional testing of the left-hand fingernail clippings have no value added . . . ."

*Id.* Similarly, in this case, an Identigene employee testified at trial that DNA testing determined that there was a 99.9642% probability that Trejo fathered the fetus miscarried by P.R. *Trejo*, 2011 WL 3503316, at *1. Neither Trejo's motion nor his affidavit demonstrates how additional testing could reach results more accurate or probative than 99.9642%. Without more, we cannot conclude that the trial court erred in denying his motion.

For these reasons, we hold that the statutory prerequisites for a successful motion for post-conviction DNA testing have not been met in this case, and we overrule Trejo's sole issue.

## CONCLUSION

We affirm the trial court's order denying Trejo's motion for post-conviction DNA testing.


/s/    Ken Wise
       Justice


Panel consists of Justices Jamison, McCally, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).