

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00036-CR

---

RAY SALAZAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 299th District Court
Travis County, Texas
Trial Court No. D-1-DC-16-900145, Honorable Karen Sage, Presiding

---

August 23, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Ray Salazar, proceeding pro se and *in forma pauperis*, appeals from the trial court's order denying his second motion for DNA testing filed pursuant to chapter 64 of the Code of Criminal Procedure.[1] By four issues, he contends (1) the trial court erred in denying his motion because he met the requirements of chapter 64 and his

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

motion and affidavit establish his innocence; (2) he established by a preponderance of the evidence there was a reasonable probability he would not have been convicted if exculpatory results had been obtained through DNA testing; (3) the laboratory used by the State was cited for faulty testing practices; and (4) identity was an issue in the case and complete DNA testing, as opposed to only touch DNA, would show undoubtedly he was not the donor of the DNA found on the victim. We affirm.

## BACKGROUND

Pursuant to a plea agreement, Appellant was convicted of sexual assault in 2018, double enhanced, and sentenced to thirty years' confinement. Despite Appellant's claim of innocence, the victim of the assault identified him as the attacker and provided the address where the incident occurred.

In March 2019, he filed a motion for forensic DNA testing which the trial court denied. He filed a second motion in March 2022 requesting testing of the previously analyzed materials. He also sought appointment of counsel. The motion was supported by his affidavit. No hearing was held on the motion. The motion and request for appointment of counsel were denied.

## STANDARD OF REVIEW

We review a trial court's decision to deny a motion for post-conviction DNA testing under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We thus "afford almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues. *Id.* (citing *Guzman v.*

2

*State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). But "when the trial record and the convicted person's affidavit are the only sources of information supporting the motion, the trial court is in no better position than an appellate court in making the determination, and accordingly, appellate courts review the issues de novo." *Aekins v. State*, No. 03-16-00598-CR, 2017 Tex. App. LEXIS 4724, at *16–17 (Tex. App.—Austin May 25, 2017, pet. ref'd) (citing *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) (explaining that because no witnesses were called during hearing on request for DNA testing, appellate court should conduct review de novo)).

## APPLICABLE LAW

Chapter 64 of the Texas Code of Criminal Procedure governs motions for forensic DNA testing. To obtain post-conviction DNA testing, a convicted person must establish all the requirements of chapter 64. *Swearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010). Previously tested DNA may be submitted for retesting if it was tested "at a laboratory that ceased conducting DNA testing after an audit by the Texas Forensic Science Commission revealed the laboratory engaged in faulty testing practices; and during the period identified in the audit as involving faulty testing practices." TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2)(B). The affidavit in support of a motion for DNA testing must contain statements of fact in support of the motion. Art. 64.01(a-1).

## ANALYSIS

### ISSUES ONE, TWO, AND FOUR

Appellant's issues are grounded on his assertion identity was an issue in his case. The trial court, however, in Finding of Fact Number One found Appellant "failed to

establish that identity was an issue in his case."[2]  Appellant's motion and affidavit do nothing more than recite statutes, case law, and conclusory assertions.  He includes a list of materials, some of which were previously tested.  There was no hearing on the motion, hence no witnesses.  The only support for the motion is Appellant's affidavit which does not provide any factual statements supporting his innocence or that further testing would show he would not have been convicted.  Chapter 64 requires more than bare statements before we can find a trial court errs in denying a motion for DNA testing.  *See Padilla v. State*, Nos. 03-12-00299-00301-CR, 2013 Tex. App. LEXIS 7481, at *17 (Tex. App.—Austin June 20, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002)).  *See also Auston v. State*, No. 03-20-00061-CR, 2021 Tex. App. LEXIS 6599, at *7 (Tex. App.—Austin Aug. 11, 2021, no pet.) (mem. op., not designated for publication) (noting general, conclusory assertions in the motion are insufficient).  Issues one, two, and four are overruled.

ISSUE THREE—FAULTY TESTING PRACTICES

Appellant contends he is entitled to retesting because the material was held temporarily at the Austin Police Department laboratory, which was closed for faulty testing practices, before it was tested by the Texas Department of Public Safety laboratory. Relying on *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009), the State argues the issue is not preserved for review because it was not raised in Appellant's motion or affidavit to allow the trial court an opportunity to rule on that argument.  We disagree.

---

[2] The State posits the items in the rape kit Appellant seeks to test would not determine the identity of the person who committed the offense or exculpate Appellant.  The most probative sources for DNA had previously been tested.

Although not raised in his motion, by his affidavit, which was before the trial court, Appellant references an article in the Austin American Statesman dated January 22, 2017, which reported faulty testing practices that resulted in closure of the Austin Police Department's laboratory in June 2016. The biological material from Appellant's case was then transported to the Texas Department of Public Safety laboratory.

Article 64.01(b)(2)(B)(i), (ii) provides for previously tested materials to be retested if those materials were tested "at a laboratory that ceased conducting DNA testing after an audit by the Texas Forensic Science Commission revealed the laboratory engaged in faulty testing procedures; and during the period identified in the audit as involving faulty testing practices." Here, the record shows the laboratory which was closed for faulty testing procedures *did not* test any materials from Appellant's case. (Emphasis added). Rather, the Austin Police Department laboratory served only as a temporary repository for the materials before they were transported to the DPS laboratory. As such, Appellant's factual scenario does not fall within the statute. The trial court did not err in finding Appellant failed to satisfy the requirements for securing DNA testing. Issue three is overruled.

## APPOINTMENT OF COUNSEL

Article 64.01(c) requires the trial court to appoint counsel if the person informs the court he intends to submit a motion under chapter 64, the court finds reasonable grounds for a motion to be filed, and the court finds the person is indigent. Here, the trial court did not find reasonable grounds supporting Appellant's motion. Thus, appointment of counsel was not required.

5

## REFORMATION OF UNDERLYING JUDGMENT

This Court has the power to modify a judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

A review of the clerk's record reflects a clerical error in the summary portion of the judgment which prompted Appellant to claim his sentence was void in his attempt for relief via a writ of habeas corpus. The face of the judgment reflects he was charged with a second degree felony which is punishable by two to twenty years, TEX. PENAL CODE ANN. section 12.33, yet the judgment reflects a sentence of thirty years. Appellant's indictment for sexual assault included two felony enhancements. The record from the plea hearing shows Appellant entered pleas of true to both enhancement paragraphs and the trial court found each enhancement paragraph to be true. Thus, the summary portion of the judgment for "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement Habitual Paragraph" should both reflect a plea of "True." The summary portion of the judgment for "Findings on 1st Enhancement Paragraph" and "Findings on 2nd Enhancement/Habitual Paragraph" should both reflect findings of "True."

The trial court is ordered to prepare and file a *Judgment Nunc Pro Tunc* reflecting this reformation, and the trial court clerk is ordered to provide a copy of that judgment to the Texas Department of Criminal Justice.

**CONCLUSION**

The trial court's order denying Appellant's motion for forensic DNA testing and for appointment of counsel is affirmed.[3]

Alex Yarbrough
Justice

Do not publish.

---

[3] We note the trial court's order is not a stand-alone order. It is combined with the trial court's findings of fact and conclusions of law. However, the document is entitled "Order" and recites "On this 17th day of November, 2022, came on to be considered Applicant's second motion for post-conviction DNA testing" and the State's response thereto . . . . Immediately after the trial court's findings and conclusions, the order recites "Applicant's motion for forensic DNA testing is hereby DENIED." In *State v. Castillo*, No. 07-22-00195-CR, 2023 Tex. App. LEXIS 4080, at *1–2 (Tex. App.—Amarillo June 13, 2023, no pet.) (mem. op., not designated for publication), this Court, in applying precedent from the Third Court of Appeals, dismissed the appeal for want of jurisdiction for failing to provide a written order. The State had attempted to appeal the dismissal of Count I of the indictment. The trial court's purported order granting dismissal of Count I was buried in a document entitled "Findings of Fact and Conclusions of Law" without any language resembling a court order. The better practice is to enter an order separate and apart from findings of fact and conclusions of law.